# GABLEMAN *v.* PEORIA, DECATUR AND EVANSVILLE RAILWAY COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 438. Submitted November 16, 1900. — Decided December 10, 1900.

An action against a receiver of a state corporation is not a case arising under the Constitution and laws of the United States simply by reason of the fact that such receiver was appointed by a court of the United States.

A receiver appointed by a Federal court may be sued in that court as well as in the state court, but if in the state court, he is not entitled to remove the cause on the sole ground of his appointment by the Federal court.

THE certificate in this case was as follows :

" This action was brought originally in the superior court for Vanderburg County, in the State of Indiana, on the 28th of August, 1897, by the plaintiff in error, a citizen of Indiana, against the defendants in error, to recover damages for personal injuries said to have been sustained by the plaintiff in error, in March, 1897, through the negligence of the defendants in error in the operation of a railway train, and the failure to properly operate the gates at a railway crossing. The defendant railway company is a corporation organized under the laws of the State of Indiana, and the defendant, George Colvin, is a citizen of Indiana. The defendant, Edward O. Hopkins, was, at the time the injuries were received and the suit was commenced, receiver of the defendant railway company, by appointment of the United States Circuit Court for the Southern District of Illinois, and was, at the time of the injuries, in sole control and management of the railway company, having an office in Vanderburg County, in the State of Indiana, the defendant Colvin being in his employment as a locomotive engineer, and as his servant operating the engine at the time of the injury. The record does not show that the duties of the defendant, Colvin, extended to the operation or maintenance of the gates at the railway crossing. The record does not disclose the place of residence, or the citizenship of Hopkins, as an individual.

" In due time after the commencement of the suit the defendant, Edward O. Hopkins, receiver, on his sole petition, removed the cause into the Circuit Court for the District of Indiana, upon the ground that it was a case arising under the Constitution and laws of the United States. A motion to remand was entered by the plaintiff in error, and overruled by the Circuit Court for the District of Indiana ; and, at the trial subsequently, a verdict was, by direction of the court, returned for the defendants in error.

" The questions of law upon which this court desires the advice and instruction of the Supreme Court are :

" (1.) Did the Circuit Court of the United States for the District of Indiana have, upon these facts, jurisdiction to try the cause ?·

" (2.) Was the cause one properly removable into the Circuit Court of the United States ? "

*Mr. William Allan Cullop* for plaintiff in error.

*Mr. Walter S. Horton* for defendants in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The general policy of the act of March 3, 1887, corrected by the act of August 13, 1888; 24 Stat. c. 373, p. 552; 25 Stat. c. 866, p. 433, as is apparent on its face, and as has been repeatedly recognized by this court, was to contract the jurisdiction of the Circuit. Courts. *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454, 462, and cases cited.

And it is well settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings. *Walker* v. *Collins*, 167 U. S. 57.

It has also been determined that when the application rests on that ground, and there is more than one defendant, all the defendants must join. *Railway Company* v. *Martin*, 178 U. S. 245.

And in respect of the removal of actions of tort on the ground of separable controversy, that the existence of such controversy must appear on the face of the plaintiff's pleading, and that it does not so appear, if the defendants are charged with direct or concurrent or concerted wrongful action. *Chesapeake & Ohio Railway Company* v. *Dixon, ante*, 131.

In this case the pleadings are not before us, and the certifi-

cate states that the receiver removed the cause into the Circuit Court, on his sole petition, "upon the ground that it was a case arising under the Constitution and laws of the United States." A motion to remand was made and denied.    82 Fed. Rep. 791. This decision was afterwards reversed by the Circuit Court of Appeals, but, as is admitted, a rehearing was granted, and this certificate was then made.    101 Fed. Rep. 1.

The receiver rested his contention that the case arose under the Constitution and laws of the United States on the single ground of his appointment by the Federal court; and, upon this record, our opinion of the tenability of that ground is requested.

Section 3 of the acts of 1887 and 1888 reads :

"That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

This act abrogated the rule that a receiver could not be sued without leave of the court appointing him, and gave the citizen the unconditional right to bring his action in the local courts, and to have the justice and amount of his demand determined by the verdict of a jury.    He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the Federal court.

The object of the section is manifest, and it is equally plain that that object would be open to be defeated if the receiver could remove the case at his volition.    The intention to permit this to be done cannot reasonably be imputed to Congress, and, moreover, such a right would be inconsistent with the general policy of the act.

As, however, the receiver, as the officer of the court, holds the property for the benefit of all who have an interest in it, and is not to be interfered with in its administration and dis-

posal by the judgment or process of another court, the closing clause of the section, out of abundant caution, provides that when the receiver is sued, without leave, " such suit shall be subject to the general equity jurisdiction of the court in which said receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

Of course it devolves on the court in possession of the property or funds out of which judgments against its receiver must be paid to adjust the equities between all parties, and to determine the time and manner of payment of judgment creditors necessarily applying for satisfaction from assets so held to the court that holds them. But, as we observed in *Texas & Pacific Railway Co.* v. *Johnson*, 151 U. S. 81, 103, " the right to sue without resorting to the appointing court, which involves the right to obtain judgment, cannot be assumed to have been rendered practically valueless by this further provision in the same section of the statute which granted it."

In *Western Union Telegraph Co.* v. *Ann Arbor Railroad Co.*, 178 U. S. 239, 243, we said, in the language of previous opinions, that when a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained. *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199; *Blackburn* v. *Portland Gold Mining Co.*, 175 U. S. 571; *Shoshone Mining Company* v. *Rutter*, 177 U. S. 505.

The inquiry we are pursuing does not fall within the ruling that a corporation created by Congress has a right to invoke the jurisdiction of the Federal courts in respect to any litigation it may have, except as specifically restricted.

Nor are the cases against United States officers as such, or on bonds given under acts of Congress, or involving interference

with Federal process, or the due faith and credit to be accorded judgments, in point.

The question is whether the bare fact that the appointment of this receiver was by a Federal court makes all actions against him cases arising under the Constitution or laws of the United States, notwithstanding he was appointed under the general equity powers of courts of chancery, and not under any provision of that Constitution or of those laws; and that his liability depends on general law, and his defence does not rest on any act of Congress. We are of opinion that this question must be answered in the negative, and that this has been heretofore so determined as the Circuit Court of Appeals properly held in this case. *Bausman* v. *Dixon,* 173 U. S. 113; *Pope* v. *Railway Company,* 173 U. S. 573; *McKenna* v. *Simpson,* 129 U. S. 506; *Provident Savings Society* v. *Ford,* 114 U. S. 635.

In *Bausman* v. *Dixon* we ruled that a judgment against a receiver appointed by a Circuit Court of the United States, rendered in due course in a state court, does not involve the denial of an authority exercised under the United States or of a right or immunity specially set up or claimed under a statute of the United States. That was an action to recover for injuries sustained by reason of the receiver's negligence in operating a railroad company chartered by the State of Washington, though the receiver was the officer of the Circuit Court, and we said: "It is true that the receiver was an officer of the Circuit Court, but the validity of his authority as such was not drawn in question, and there was no suggestion in the pleadings, or during the trial, or, so far as appears, in the state Supreme Court, that any right the receiver possessed as receiver was contested, although on the merits the employment of plaintiff was denied, and defendant contended that plaintiff had assumed the risk which resulted in the injury, and had also been guilty of contributory negligence. The mere order of the Circuit Court appointing a receiver did not create a Federal question under section 709 of the Revised Statutes, and the receiver did not set up any right derived from that order, which he asserted was abridged or taken away by the decision of the state court. The liability to Dixon depended on principles of general law

applicable to the facts, and not in any way on the terms of the order." And although that was the case of a writ of error to a state court, we applied the reasoning in *Pope* v. *Louisville &c. Railway Company*, in which the right of appeal to this court from the Circuit Court of Appeals was asserted on the ground that the case arose under the Constitution and laws of the United States, because Pope was a receiver of a Federal court. We decided that the suit was ancillary to the original cases in which the receiver was appointed, and that the jurisdiction was dependent on the ground of jurisdiction in those cases, and we also held that the receiver's orders of appointment were not equivalent to laws of the United States in the meaning of the Constitution, and that the mere order of a Federal court, sitting in chancery, appointing a receiver, did not in itself form adequate ground of jurisdiction. We said: "The bill nowhere asserted a right under the Constitution or laws of the United States, but proceeded on common-law rights of action. We cannot accept the suggestion that the mere order of a Federal court, sitting in chancery, appointing a receiver on a creditor's bill, not only enables the receiver to invoke Federal jurisdiction, but to do this independently of the ground of jurisdiction of the suit in which the order was entered, and thereby affect the finality of decrees in the Circuit Court of Appeals in proceedings taken by him. The validity of the order of the appointment of the receiver in this instance depended on the jurisdiction of the court that entered it, and that jurisdiction, as we have seen, depended exclusively upon the diverse citizenship of the parties to the suits in which the appointment was made. The order, as such, created no liability against defendants, nor did it tend in any degree to establish the receiver's right to a money decree, nor to any other remedy prayed for in the amended bill. The liability of defendants arose under general law. and was neither created nor arose under the Constitution or laws of the United States."

The question there was as to whether or not the decision of the Circuit Court of Appeals was made final by the sixth section of the judiciary act of March 3, 1891, and we held that it was, and dismissed the appeal. We could not, however, have arrived

at that conclusion if the jurisdiction had rested on the ground that the case arose under the Constitution or laws of the United States, as such cases are not among the classes enumerated in that section, in which the decisions of that court are made final. We have repeatedly held that the jurisdiction of such proceedings is dependent upon that of the main case. *Rouse* v. *Letcher*, 156 U. S. 49; *Gregory* v. *Van Ee*, 160 U. S. 143; *Carey* v. *Railroad Company*, 161 U. S. 115. In *Rouse* v. *Letcher*, we pointed out that the intention could not be attributed to Congress of allowing judgments on every incidental controversy to be brought to this court for review, while denying such review to the principal decree; and any other conclusion would be manifestly inconsistent with the avowed object of the act of March 3, 1891.

It should be added that while these actions against receivers may be brought in other courts, they may, nevertheless, also be brought in the court by which the receiver was appointed, inasmuch as the judgments recovered are payable from the property or funds in the course of administration, and the actions may be regarded as ancillary in the sense of subordination to such administration.

We have just held in *Baggs, Receiver*, v. *Martin*, *ante*, 206, that where a receiver sued in the state court had removed the action to the Circuit Court, which had appointed him, and the plaintiff had not moved to remand but had accepted the jurisdiction thus invoked, a judgment in that court in plaintiff's favor might be sustained, because the court would have had original jurisdiction, and it did not lie in the mouth of the receiver, under such circumstances, to deny the jurisdiction he had sought.

The judgments in *Texas & Pacific Railway Company* v. *Cox*, 145 U. S. 593; *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; and *Hornsby* v. *Rouse*, 161 U. S. 588, cited by counsel, are consistent with the result reached in the *Baggs'* case as well as in this, although there are expressions in the opinions in those cases which are modified by what has since been said.

*The questions propounded are answered in the negative.*