RURAL HOME TELEPHONE CO. v. POWERS et al.

(Circuit Court, W. D. Kentucky, at Owensboro. February 9 and 18, 1910.)

1. REMOVAL OF CAUSES (§ 86*)—SUFFICIENCY OF PETITION—NECESSITY OF ALLEGING FACTS.

A petition for the removal of a cause, on the ground that it is one arising under the Constitution or laws of the United States, must state the facts showing that such is the case, what the federal question is, and how it arises.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

2. REMOVAL OF CAUSES (§ 19*)—FEDERAL QUESTION—SUIT AGAINST FEDERAL RECEIVER.

The fact alone that a defendant in an action in a state court is a receiver appointed by a federal court does not render the cause removable as one arising under the laws of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 48; Dec. Dig. § 19.*]

3. REMOVAL OF CAUSES (§ 25*)—FEDERAL QUESTION—QUESTION MUST APPEAR FROM PLAINTIFF'S PLEADING.

To authorize the removal of a cause on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, that must appear from the plaintiff's statement of his own claim, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 25.*]

Action by the Rural Home Telephone Company against Joshua D. Powers, receiver of the Independent Long Distance Telephone & Telegraph Company and others. On motion to remand to state court. Sustained.

Clarence M. Finn, for plaintiff.
Helm Bruce and Miller & Todd, for defendants.

EVANS, District Judge. The third section of the act of August 13, 1888, 25 Stat. 436, c. 866 (U. S. Comp. St. 1901, p. 582), provides:

"That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

The plaintiff, availing himself of the privilege thus given, commenced an action at law in the Daviess circuit court against Powers as receiver and against him as an individual, and against H. C. Jones, to recover damages to the extent of $15,000 to its property, alleged to have been caused by the willful, malicious, and wrongful conduct of all the defendants in carrying on the business of the Independent Long Distance Telephone & Telegraph Company. It is not claimed that any of the parties to the action are citizens of any state other than Kentucky, and it was conceded at the argument that they were all

citizens of that state. Nevertheless, the defendants filed their joint petition in the state court for the removal of the action to this court. The state court denied the right to remove the case, but approved the bond tendered by the defendants with their petition. A transcript of the record was filed in this court, and the plaintiff has moved to remand the action to the state court. The petition for removal is very brief, and, after setting forth the parties, it avers that the action "is a suit of a civil nature at law arising under the Constitution and laws of the United States, in which the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $2,000."

It is fundamental in removal cases that the petition therefor shall state facts and not conclusions of law. This proposition was stated by the Supreme Court in its opinion in Gibbs v. Crandall, 120 U. S., at pages 108, 109, 7 Sup. Ct., at page 498 (30 L. Ed. 590), in this language:

"It is not enough for the party who seeks a removal of his cause to say that the suit is one arising under the Constitution. He must state the facts so as to enable the court to see whether the right he claims does really and substantially depend on a construction of that instrument. This has not been done in this case, and the order remanding the suit is consequently affirmed."

The doctrine is stated in section 168 of Black's Dillon on Removal of Causes in this language:

"If the removal of the cause is asked on the ground that it is one arising under the Constitution or laws of the United States, it will not be sufficient for the petition merely to aver that it so arises, or that it involves a federal question. In addition to this, the petitioner must set forth the facts which enter into the case with sufficient detail to show exactly what the federal question is, and how it will arise, and that its settlement will be essential to the determination of the cause."

If the petition in the case before us is to be regarded as stating facts, and not as stating mere legal conclusions, its averments must be taken as true, inasmuch as those statements have not been denied. Dishon v. Cincinnati Railroad Co., 133 Fed. 471, 66 C. C. A. 345. But upon the authorities cited, and many others that might be referred to, we hold that the averments of the petition for removal are not sufficient to entitle the defendants to that relief.

What has been said might dispose of the motion to remand; but other propositions have been urged with great force and earnestness by the learned counsel for the defendants and will be briefly discussed. The receiver, Powers, was not appointed by this court, but by an order of the Circuit Court of the United States for the Eastern District of Kentucky in the case there pending of George C. Bryce v. Independent Long Distance Telephone & Telegraph Company and others. It does not appear from the petition for removal whether the jurisdiction of that court of the case in which the receiver was appointed was founded upon the diverse citizenship of the parties thereto, or whether the demands asserted in that suit arose under the Constitution or any law of the United States. It might be that it could be objected that the suit, if removed at all, should go to the Eastern District; but we shall assume, without deciding, that such objection, if made, would be untenable, and that a proper removal would bring the case to this

court. Nevertheless, we think the case as now presented is not removable not only upon the ground already stated, but also upon other grounds.

1. From the argument of counsel, we infer that the conclusion stated in the petition for removal that the action is one arising under the Constitution and laws of the United States is drawn altogether from the fact that the receiver was appointed by a court of the United States in a suit pending therein. We had occasion very industriously to consider this question in Marrs v. Felton, 102 Fed. 775, and at page 779 it was said:

"It seems to, me, for the reason presently to be stated, that the Supreme Court must be regarded as quite certain to hold that such cases arise under the Constitution or laws of the United States only where the receiver is appointed under a statute of the United States, as in cases of national banks or for corporations created by the laws of the United States, such as soldiers' homes and Pacific railroad companies, and not where a federal court merely in the exercise of its general jurisdiction has appointed a receiver for a corporation not existing under federal law."

Sooner than we could expect, the prediction was verified. In Gableman v. Peoria, etc., Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, the precise question was authoritatively decided by the Supreme Court, which held, as correctly expressed in the syllabi, as follows:

"An action against a receiver of a state corporation is not a case arising under the Constitution and laws of the United States simply by reason of the fact that such receiver was appointed by a court of the United States.

"A receiver appointed by a federal court may be sued in that court as well as in the state court, but if in the state court he is not entitled to remove the cause on the sole ground of his appointment by the federal court."

This would seem to be decisive of the case upon this ground also.

2. But the learned counsel for the defendants insist that the decision in the Gableman Case has been overruled or essentially modified by the court's decision in the Matter of Dunn, 212 U. S. 374, 29 Sup. Ct. 299, 53 L. Ed. 558. The Gableman Case was not mentioned in the opinion in the Dunn Case, and we think there could be no doubt that in the Matter of Dunn, as well as in Railroad Case v. Cox, 145 U. S. 595, 12 Sup. Ct. 905, 36 L. Ed. 829, Texas & Pacific Removal Cases, 115 U. S. 2, 5 Sup. Ct. 1113, 29 L. Ed. 319, Butler v. National Soldiers' Home, 144 U. S. 66, 12 Sup. Ct. 581, 36 L. Ed. 346, and in many others of like character, the jurisdiction of the federal courts was sustained upon the well-settled proposition that any suit brought by or against any corporation created by a law of the United States, out of that fact alone, must be considered as one arising under the Constitution and laws of the United States. The two lines of cases proceed upon obviously different grounds, and have been decided upon obviously different principles. We, therefore, do not see the slightest conflict between the Gableman Case, on the one hand, and the Dunn Case and other cases cited for the defendants, on the other.

We conclude that there was no ground for the removal of this case, and it must be remanded to the Daviess circuit court.

(February 18, 1910.)

The defendants, with leave of the court given under the authority of Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, have filed an amendment to their petition for removal. As already seen, their original petition was based upon the ground that the action was one arising under the Constitution and laws of the United States. The amended petition still insists upon this, and undertakes in much detail to show how that is the case. The contention of the defendants resolves itself into this: That while Powers was appointed receiver in a case of which the Circuit Court of the United States for the Eastern District of Kentucky had jurisdiction by reason alone of the diverse citizenship of the parties, yet that under the judgment appointing the receiver certain orders were entered which the receiver was obeying, that in rendering this obedience the things were done of which the plaintiff complains, and that these facts make plaintiff's case one which arises under the Constitution and laws of the United States. We cannot, for the reasons heretofore stated, agree with this conclusion of the pleader. Besides, it is an established proposition in the law of removal of cases, as stated in the Gableman Case, 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, "that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings. Walker v. Collins, 167 U. S. 57 [17 Sup. Ct. 738, 42 L. Ed. 76]."

In the Gableman Case, at page 338 of 179 U. S., at page 172 of 21 Sup. Ct. (45 L. Ed. 220), in speaking of section 3 of the act of 1888, the court said:

"This act abrogated the rule that a receiver could not be sued without leave of the court appointing him, and gave the citizen the unconditional right to bring his action in the local courts and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance or in any other forum or according to any other course of justice than he would be entitled to if the property or business were not being administered by the federal court. The object of the section is manifest, and it is equally plain that that object would be open to be defeated if the receiver could remove the case at his volition. The intention to permit this to be done cannot reasonably be imputed to Congress, and, moreover, such a right would be inconsistent with the general policy of the act."

Cases like Central Trust Co. v. East Tennessee, etc., R. R. Co. (C. C.) 59 Fed. 523, and several others cited in argument which seem to rule the other way, were decided prior to the decision in the Gableman Case, and, so far as inconsistent with the latter, must be regarded as overruled by it.

The argument of the learned counsel in support of the removal, if made before Congress, might be regarded as showing strong reasons for repealing the third section of the act, or so modifying it as to prevent the suing of a receiver without the leave of the court which appointed him in cases where the receiver, in what he was doing, was

obeying the express orders of such court. The plaintiff's petition does not show that to be the case, and we think, in view of the authority from which we have just quoted, that that state of fact cannot be made to appear for the first time in the defendants' petition for removal. The plaintiff's petition does show, as we take it, that the acts complained of were transactions of the receiver "in carrying on the business connected with such property," in the language of the third section of the act. Besides, Congress must be presumed to have understood that every act or transaction of any receiver in carrying on the business connected with the property in his hands was done under the express orders of the court which appointed him and which conferred upon him all of his powers. Such orders furnish the sole basis of every act of the receiver, and the contention of the receiver here would defeat the plain intent of the legislation.

We have no doubt that the case comes within the decision in the Gableman Case, and that the motion to remand must be sustained.