**FORD MOTOR CO. v. AUTOMOBILE INS. CO. et al.**

(District Court, E. D. Michigan, S. D. May, 1926.)

No. 725.

1. **Removal of causes ⬅45—Removal of suit from state to federal court cannot be had on ground of diversity of citizenship, except by defendant, who is nonresident (Judicial Code, § 28 [Comp. St. § 1010]).**

Under Judicial Code, § 28 (Comp. St. § 1010), removal of suit from state to federal court cannot be had on ground of diversity of citizenship, except by defendant who is nonresident of that state, though such suit could be removed, if it were one of civil nature, at law or in equity, arising under Constitution or laws of United States.

2. **Removal of causes ⬅25(1)—Whether case arises under Constitution or laws of United States, as affects removal to federal court, is determinable from plaintiff's statement of his own cause of action (Judicial Code, § 28 [Comp. St. § 1010]).**

Whether case is one arising under Constitution or laws of United States as affects right of removal to federal court, under Judicial Code, § 28 (Comp. St. § 1010), is determinable from plaintiff's statement of his own cause of action, which must show that it is based on those laws or that Constitution.

3. **Removal of causes ⬅19(1)—Suit by chattel mortgagee to enforce lien on proceeds of fire policies on mortgaged property as against trustee in bankruptcy held not one arising under Constitution or laws of United States, as respected right of removal (Judicial Code, § 28 [Comp. St. § 1010]).**

Suit by chattel mortgagee to enforce lien on proceeds of fire insurance policies on mortgaged property taken out for its benefit, or for account of whom it might concern, and to restrain payment thereof to chattel mortgagor's bankruptcy trustee, *held* not one arising under Constitution or laws of United States, as respected right of removal to federal court under Judicial Code, § 28 (Comp. St. § 1010).

4. **Removal of causes ⬅21.**

Mere fact that defendant is officer of federal court does not make suit removable to federal court, under Judicial Code, § 33 (Comp. St. § 1015).

5. **Removal of causes ⬅87—Suit held not properly removed to federal court by defendant bankruptcy trustee, as officer of federal court, where verified petition and certificate of attorney was not filed (Judicial Code, § 33 [Comp. St. § 1015]).**

Suit in state court was not properly removed to federal court by defendant bankruptcy trustee, as officer of federal court, under Judicial Code, § 33 (Comp. St. § 1015), where no verified petition or certificate or attorney, reciting his examination and inquiry into proceedings, was filed therein.

6. **Removal of causes ⬅21—Suit by chattel mortgagee to enforce lien on proceeds of fire policies on mortgaged property held not one against bankruptcy trustee on account of acts done under color of office, as respects right of renewal (Judicial Code, § 33 [Comp. St. § 1015]).**

Suit by chattel mortgagee to enforce lien on proceeds of fire insurance policies on mortgaged property, and to restrain payment thereof to chattel mortgagor's bankruptcy trustee, *held* not suit against trustee on account of any act done under color of his office or in the performance of his duties, as respected right of removal under Judicial Code, § 33 (Comp. St. § 1015).

In Equity. Suit by Ford Motor Company against the Automobile Insurance Company, the Detroit Trust Company, as trustee in bankruptcy of the Detroit Waterproof Fabrics Company, and others. On plaintiff's

motion to remand cause to state court, from which it was removed by defendant last named. Motion granted.

See, also, 295 F. 338.

Clifford B. Longley and R. E. Hofelich, both of Detroit, Mich., for plaintiff.

Anderson, Wilcox, Lacy & Lawson, of Detroit, Mich., for defendant Detroit Trust Co.

Henry C. Walters, of Detroit, Mich., for all other defendants.

SIMONS, District Judge. This cause is before the court on a motion by the plaintiff, Ford Motor Company, a Delaware corporation, to remand the cause to the state court, from which it was removed to this court by the defendant Detroit Trust Company, a Michigan corporation, as trustee in bankruptcy of the Detroit Waterproof Fabrics Company, a Michigan corporation.

The suit was instituted in the circuit court for the county of Wayne, in chancery, by said Ford Motor Company against several insurance companies, all corporations of states other than that of the residence of plaintiff, and the said Detroit Trust Company, as said trustee in bankruptcy, to assert and enforce a lien claimed by the plaintiff upon the proceeds of certain insurance policies hereinafter mentioned. The bill alleged that said Detroit Waterproof Fabrics Company, in March, 1923, executed and delivered to the plaintiff a chattel mortgage on certain personal property to secure an indebtedness due to the plaintiff; that by the terms of said mortgage the mortgagor agreed to keep said property insured against loss by fire in the name of said plaintiff in sums and companies approved by plaintiff; that thereupon said mortgagor delivered to the plaintiff mortgagee certain policies of fire insurance covering said mortgaged property, and issued by the defendant insurance companies to said mortgagor, a large number of which policies stated that said insurance was for the benefit of the said mortgagor, or "for account of whom it may concern, as their interest may appear"; that shortly thereafter said property was almost completely destroyed by fire; that within two months after the execution and delivery of said mortgage and the issuance of said policies the said mortgagor was adjudicated a bankrupt by this court, and said Detroit Trust Company was elected trustee in bankruptcy thereof and is acting as such; that said trustee has filed with said insurance companies proofs of loss by reason of said fire, and, as such trustee, "claims to be entitled to

the entire proceeds of said policies of insurance"; that said mortgagor is insolvent, and by reason thereof and the bankruptcy proceedings referred to will be unable to pay its said indebtedness to the plaintiff; "that by reason of the facts hereinbefore set forth the plaintiff has a lien on the proceeds of said policies of fire insurance, and that said proceeds, or a sufficient amount thereof to save the plaintiff harmless from loss, * * * should be paid by said insurance companies to the plaintiff"; that plaintiff fears that said insurance companies, unless restrained by this court, "will pay said loss directly to said Detroit Trust Company as trustee in bankruptcy, and the plaintiff will be thereby subjected to irreparable loss and injury." The bill prays "that the plaintiff be decreed to have a lien on the proceeds of said policies of insurance to the extent of" the indebtedness secured by said mortgage, and that said defendant insurance companies "be decreed to pay to the plaintiff the proceeds of said policies of insurance, or so much thereof as may be necessary to indemnify" such plaintiff against said loss, and be enjoined from paying any of said proceeds to said defendant trustee "until all claim and interest of the plaintiff thereto and therein shall have been fully paid, satisfied, and discharged."

Thereupon the defendant Detroit Trust Company, as such trustee in bankruptcy, filed in said state court its petition for removal of the cause to this court, alleging therein the diversity of citizenship between the parties, and claiming also that the suit involved the construction and application of a law of the United States, the Bankruptcy Act (Comp. St. §§ 9585–9656), in that said chattel mortgage was void under said Bankruptcy Act, and that said defendant, as trustee in bankruptcy, "by virtue of the provisions of the said Bankruptcy Act of 1898, is entitled to and permitted to litigate the issues involved in the District Court of the United States for the Eastern District of Michigan." After the filing in this court of the transcript of the record in the state court, the plaintiff filed herein its motion to remand the cause, on the ground that, as it did not involve a federal question, it could not legally be removed by a resident of the state of Michigan, in whose courts it had been instituted and was pending.

[1] It is, of course, clear that under the applicable provisions of the Removal Statute, section 28 of the Judicial Code (Comp. St. § 1010), this suit could not be removed from the state court to this court on the ground

that it was based on diversity of citizenship, except ."by the defendant or defendants therein, being nonresidents of that state," although such suit could be so removed if it were a "suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States."

[2] It is equally clear that, in determining whether a suit arises under the Constitution or laws of the United States, in the language of the Supreme Court in Louisville & Nashville Railroad Co. v. Mottley, 211 U. S. 149, 29 S. Ct. 42, 53 L. Ed. 126, "it is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511; Taylor v. Anderson, 234 U. S. 74, 34 S. Ct. 724, 58 L. Ed. 1218; Great Northern Railway Co. v. Galbreath Cattle Co., 46 S. Ct. 439, 70 L. Ed. —— (decided by United States Supreme Court April 19, 1926).

[3] It will be noted, from the allegations in the plaintiff's bill hereinbefore recited, that the cause of action on which such bill is based does not arise from, and is not in any way dependent upon, any provision of the federal Constitution or any federal law. The suit, therefore, is not one arising under the Constitution or laws of the United States, and was not legally removable by the defendant resident of Michigan on that ground.

[4] It is suggested by the removing defendant that it was entitled to such removal on the ground that it was an officer of the United States; said defendant contending that it "has the right of removal by virtue of its being an officer of this court." With this contention I am unable to agree. It is settled that the mere fact that the defendant in a suit is an officer of a federal court does not make such suit removable. Gableman v. Peoria, D. & Electric Railway Co., 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220.

[5] It is true that section 33 of the Judicial Code (Comp. St. § 1015) provides that a suit in a state court "against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer" may be removed to this court by the filing herein of a verified petition, accompanied by a certificate of an attorney reciting his examination and inquiry into the proceedings involved. It will be noticed that the procedure thus prescribed by this section of

the statute was not followed in connection with the present suit, and for this reason alone the suit has not been properly removed under said section. Virginia v. Paul, 148 U. S. 107, 13 S. Ct. 536, 37 L. Ed. 386.

[6] Moreover, it has not been alleged by any party to this suit, and it does not, in the opinion of this court, satisfactorily appear from any of the recitals in the bill, or elsewhere in the proceedings, that this is a suit against the defendant trustee in bankruptcy on account of any act done by it in the performance of its duties as such. It was evidently the intent of Congress, in enacting this statute, to protect the federal officers mentioned by permitting them to invoke the jurisdiction of this court over proceedings brought against them by reason of their official *acts*, as distinguished from their mere *claims* of title or other legal rights. The gist of the subject-matter of this suit is the assertion by the plaintiff, and the denial by the said defendant, of the right of the plaintiff to a lien upon the insurance proceeds in controversy. The sole relation of the trustee in bankruptcy to this controversy is that of a claimant of title to such proceeds adversely to the plaintiff, and whatever title such trustee may have therein was acquired, by operation of law, and not by any of its own acts, from the bankrupt mortgagor. It is plain that the case is neither within the letter nor the spirit of the provision of section 33 of the Code in question.

For the reasons stated, the motion to remand must be granted, and an order to that effect will be entered.