## SLOVER v. CHICAGO, M. & ST. P. RY. CO. et al.

(District Court, W. D. Missouri, W. D. December 27, 1926.)

No. 6668.

1. Removal of causes ⊜⇒21—Suit against federal receiver, arising out of his operation of property in his charge, held not removable (Judicial Code, § 33 [Comp. St. § 1015]).

The provision of Judicial Code, § 33, as amended (Comp. St. § 1015), authorizing removal of any civil suit against any officer of the courts of the United States "for or on account of any act done under color of his office or in the performance of his duties as such officer," covers actions to hold the officer personally liable because of his official conduct, and does not apply to a suit against a federal court receiver which does not involve his official acts, but arises from the operation or management of the property in his care.

2. Courts ⊜⇒501—Federal court receiver may be sued in state court respecting his acts in carrying on business without leave of court of appointment (Judicial Code, § 66 [Comp. St. § 1048]).

It was the purpose of Judicial Code, § 66 (Comp. St. § 1048), to prevent suits against a federal court receiver to be prosecuted in local courts in respect of any act or transaction of his in carrying on the business connected with the property in his hands without the previous leave of the court by which he was appointed.

At Law. Action by Mary C. Slover, by her next friend, Oliver M. Slover, against the Chicago, Milwaukee & St. Paul Railway Company and H. E. Bryam and others, receivers. On motion by defendants for injunction, and motions by plaintiff to quash writ of certiorari and to remand cause to state court. Defendants' motion denied, plaintiff's motions granted, and cause remanded.

L. W. Reed, of Breckenridge, Mo., and Davis & Davis, of Chillicothe, Mo., for plaintiff.

C. C. Byers, Jr., and Morrison, Nugent, Wylder & Berger, all of Kansas City, Mo., for defendants.

REEVES, District Judge. The particular matter before the court in the above cause is the question of granting an injunction to stay proceedings in a state court. Briefly stated, the facts are that the plaintiff instituted her suit for damages in the circuit court of Caldwell county, Mo. After answering, the receivers sought to remove the cause to this court perforce section 33 of the Judicial Code, or section 1015, United States Compiled Statutes 1918. Accordingly the receivers have filed their petition for

a writ of certiorari, which writ was issued. Notwithstanding this procedure, the plaintiff caused the case to be listed for trial in the local court. Whereupon the defendant receivers filed their application for an injunction. Upon this application, a motion to quash the writ of certiorari, and a motion to remand, the court here renders its memorandum opinion.

[1] The defendant receivers rely upon said section 33 of the Judicial Code, which provides, among other things, that:

"When any civil suit * * * is commenced * * * against any officer of the courts of the United States for or on account *of any act done under color of his office or in the performance of his duties as such officer* * * * the said suit * * * may at any time before the trial or final hearing thereof be removed for trial into the District Court next to be holden in the district where the same is pending upon the petition of such defendant to said District Court."

The plaintiff on her part relies upon section 66 of the Judicial Code, or section 1048, United States Compiled Statutes 1918. Said section is as follows:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed."

It is the contention of the receivers that these two sections, 33 and 66 of the Judicial Code, are not antagonistic to each other, but that a fair construction means that, though a suit may be instituted in the local court without leave, under said section 66, yet by section 33 the receivers may remove such suit at their will to the national court.

It is contended by counsel for plaintiff that the defendant receivers give too wide a construction to said section 33 relied upon by them. An examination of these two sections will therefore engage the attention of the court in this discussion.

1. Section 33 of the Judicial Code was originally designed "to protect the revenue officers of the United States and all who might be engaged in aiding and assisting them in the performance of their duties." Matarazzo v. Hustis (D. C.) 256 F. 882, loc. cit. 890, and cases cited therein.

By an amendment to said section 33, enacted in the year 1916, the protection of said statute was extended to officers "of the courts of the United States." This amendment was made necessary by "the increasing frequency of annoying and vexatious suits against officers of the United States courts, including receivers and commissioners appointed by such courts. * * * *" Matarazzo v. Hustis, supra.

An examination of the whole of section 33 shows that it was designed to protect revenue officers and court officers against both civil suits and criminal prosecutions *"for or on account of any act done under color of his office or in the performance of his duties as such officer."*

It will be observed that this language limited the right of removal to such actions as may have been commenced because of an act done under color of office or in the performance of the duties of the office. Apparently the actions covered by the statute were such actions as were designed to hold the officer personally liable because of his official conduct. The Congress therefore extended the protection of the federal court to such officer so that he might not be prejudiced or embarrassed at the trial by local bias or influence.

In the case of Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449, the Supreme Court of the United States granted its writ of mandamus against a District Judge of the United States directing him to remand a prosecution, which had been previously instituted against revenue officers, to the state court from which it had been removed. In that case the defendants, when indicted in a state court of Maryland, invoked the protection of a trial of a state offense in a federal court under said section 33. The court said (loc. cit. 34 [46 S. Ct. 191]) that a defendant thus seeking to remove a prosecution was under the obligation "of disclosing in his application for removal all the circumstances known to him out of which the prosecution arose. The defense he is to make is that of his immunity from punishment by the state, because what he did was justified by his duty under the federal law, and because he did nothing else on which the prosecution could be based. He must establish fully and fairly this defense by the allegations of his petition for removal before the federal court can properly grant it."

It was held by the court, speaking through Chief Justice Taft, that the narration of facts in the petition for removal did not satisfy the statute and that therefore the case should be remanded to the state court. This case is cited to show that the mere fact that an officer is prosecuted or sued does not entitle him ipso facto to the protection of a trial in a federal court, but the offense or the

act upon which personal liability is predicated must be so intertwined and connected with his official acts as to involve his official status. It is true that a receiver is an officer of the court, and in a proper case would be entitled to seek the protection of a trial in a federal court, but such cases would only be where his official status is involved. This section is designed to protect the officer as such, and would not enable a receiver to remove a suit from a state court which does not involve his official act, but which arises from the operation or management of the property intrusted to his care.

[2] 2. It was the design and purpose of section 66 of the Judicial Code to permit suits against receivers appointed by the courts of the United States to be maintained and prosecuted in the local courts "in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." This interpretation is supported in 23 R. C. L. pp. 127 and 643; Smith v. Jones Lumber & Mercantile Co. (D. C.) 200 F. 647; Telephone Co. v. Powers (C. C.) 176 F. 986; Dale v. Smith (C. C.) 182 F. 360; Gableman v. Peoria, etc., Ry. Co., 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220.

3. An examination of the case of Barnette v. Wells Fargo National Bank, 270 U. S. 438, 46 S. Ct. 326, 70 L. Ed. 669, does not disclose any pronouncement which differs from the above. In that case suit had been instituted against federal court receivers on the grounds that certain property in the hands of such receivers had been obtained by duress. The removal to the federal court was not challenged before the Supreme Court. The court said: "As the removal is not challenged here, we think the presumption should be indulged that the removal was rightly taken, and that the district court had jurisdiction."

The court, in making its proper inquiry upon the face of the record with respect to its jurisdiction, took occasion to say: "But an examination of the bill, which is set forth in the record, shows that the purpose of the suit was to recover land and funds then in charge of the receiver of a court in Alaska, which was created by laws of Congress and derived its powers and authority from those laws. Such a suit was removable under section 28 of the Judicial Code as supplemented by the amendment of section 33 by the Act of August 23, 1916." It will be noted, therefore, that the court did not rest its jurisdiction solely upon said section 33, but placed

the right of removal squarely under section 28 of the Judicial Code (Comp. St. § 1010) "as supplemented by the amendment of section 33."

The bill, as set forth in the opinion of the court, and in Wells Fargo Nevada Nat. Bank of San Francisco v. Barnette (C. C. A.) 298 F. 689, 43 A. L. R. 916, yields the interpretation that the receivers, under color of their offices as such, retained property which had been procured by duress practiced by others, and this property the plaintiff sought to recover. In other words, the reference to section 33 was justified under the pleadings. In the instant case, the integrity of the receivers is not involved; neither is any act of theirs under color of their offices challenged.

In view of the foregoing, the application for an injunction should be denied, the writ of certiorari heretofore granted should be quashed, and the motion to remand to the state court should be and is granted.