## GIBBS *v.* CRANDALL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF LOUISIANA.

Submitted January 7, 1887. — Decided January 24, 1887.

The parties in this case on both sides being all citizens of Louisiana, it is held that the facts as stated in the opinion of the court show no real and substantial dispute or controversy arising under the Constitution or laws of the United States, so as to authorize the removal of the case from the state court of Louisiana, to the Circuit Court of the United States.

THIS was an appeal from a judgment of the Circuit Court of the United States for the Western District of Louisiana re-

manding to a court of the state a cause which had been re-
moved from it.    The case is stated in the opinion of the
court.

*Mr. S. Prentiss Nutt* and *Mr. Wade R. Young* for appel-
lants.

*Mr. Thomas C. Catchings* and *Mr. James T. Coleman* for
appellee.

Mr. Chief Justice Waite delivered the opinion of the
court.

This is an appeal under § 5 of the act of March 3, 1875, c.
137, 18 Stat. 470, from an order of the Circuit Court remand-
ing a case which had been removed from a state court, on the
ground that the suit was one " arising under the Constitution
and laws of the United States."    All the parties, both plain-
tiffs and defendants, are citizens of Louisiana, and the right of
removal depends entirely on the question whether it appears
on the face of the record that there is in the case a real and
substantial dispute or controversy arising under the Constitu-
tion or laws of the United States ; that is to say, whether
"some title, right, privilege, or immunity, on which the re-
covery depends, will be defeated by one construction of the
Constitution or a law of the United States, or sustained by the
opposite construction."    *Starin* v. *New York*, 115 U. S. 248,
257 ; *Southern Pacific Railroad* v. *California*, 118 U. S. 109.

The facts are these : At some time prior to September, 1878,
Thomas J. Martin brought suit in the Eighth District Court of
the parish of Madison, Louisiana, against Thomas W. Watts,
as principal, and Phillip Hoggatt, then in life, as surety, " on
a contract of rent."    Pending this suit Hoggatt died, and Mrs.
Martha A. Gibbs was appointed and qualified as administra-
trix of his succession.    The suit was then revived and after-
wards conducted contradictorily with the administratrix.    At
November term, 1880, a judgment was rendered in favor of
the administratrix, rejecting the demand against the succes-

sion of Hoggatt. By agreement of Martin and Watts a new trial was awarded, but it is claimed that the administratrix of Hoggatt was not a party to this agreement, and that no new trial was ever ordered as to her. At November term, 1881, a second trial was had and judgment rendered. On appeal to the Supreme Court of the state this judgment was reversed and a new judgment given against Watts and the succession of Hoggatt *in solido.* At May term, 1882, of the District Court a rule was taken on the administratrix of Hoggatt to show cause why the property of the succession should not be sold to pay this judgment. To this rule the administratrix made answer, setting up the original judgment in her favor rejecting the claim, and averring that the subsequent proceedings were null and void as to the succession for lack of jurisdiction. The defence was sustained in the District Court, but on appeal to the Supreme Court this was reversed, and the District Court afterwards, in obedience to the mandate of the Supreme Court, made the rule absolute and directed the administratrix to cause the property to be sold to pay the judgment.

In this condition of things the heirs of Hoggatt, on the 1st of August, 1885, filed their petition in the District Court against the administrator of the estate of Martin, who had died pending the original proceedings, and the administratrix of Hoggatt, to restrain the sale which had been ordered and to annul the judgment of the Supreme Court against the estate, on the ground that after the original judgment in her favor the administratrix was no longer a party to the suit, and that the estate was not bound by the subsequent proceedings therein. In the petition it is averred, in various forms, that the judgment against the administratrix, when she was not a party to the suit, was "absolutely null and void, as being repugnant to and in conflict with the provisions of the Fourteenth Amendment to the Constitution of the United States, and an attempt to deprive these petitioners of their property without due process of law." On the 3d of August a writ of injunction, as prayed for, was issued on the allowance of the judge of the District Court, and the next day this writ and a citation in the suit

were served on the administrator of Martin. On the 23d of October, 1885, the heirs of Hoggatt filed in the state court their petition for the removal of the suit to the Circuit Court of the United States, as "a suit of a civil nature, in equity . . . arising under the Constitution and laws of the United States, the said suit being a bill in equity to avoid the mandate, judgments and decrees of the honorable the Supreme Court of Louisiana and of your honorable court, for the reason that said mandate, judgments and decrees are repugnant to and in conflict with the provisions of the Fourteenth Amendment to the Constitution of the United States." After the case was entered in the Circuit Court, Crandall moved that it be remanded, and this motion was granted July 20, 1886, the court "being of opinion that the record does not disclose a case within the jurisdiction of the court."

This order was clearly right. The case as made by the plaintiffs presents no disputed question of Federal law. If the administratrix of the estate of Hoggatt was not a party to the proceedings after the first judgment in her favor, no one can claim that the succession she represented was bound by what was afterwards done in the suit. All depends on whether she continued to be in law and in fact a party; and this is to be determined by the effect of the original judgment in her favor, and the form of the proceedings thereafter. This may involve a consideration of the law and practice in Louisiana; but it is not, so far as anything now appears on the record, at all dependent for its solution on any construction of the Constitution or laws of the United States. As was said in *Gold-Washing & Water Co.* v. *Keyes*, 96 U. S. 199, 203: "Before [therefore] a Circuit Court can be required to retain a cause under this jurisdiction it must in some form appear upon the record, by a statement of facts 'in legal and logical form,' such as is required in good pleading, (1 Chit. Pl. 213,) that the suit is one which 'really and substantially involves a dispute or controversy' as to a right which depends upon the construction or effect of the Constitution or some law or treaty of the United States." It is not enough for the party who seeks a removal of his cause to say that the suit is one arising under the Constitution.

He must state the facts so as to enable the court to see whether the right he claims does really and substantially depend on a construction of that instrument. That has not been done in this case, and the order remanding the suit is consequently

*Affirmed.*