## MOTOR TRUCK ASS'N OF WESTERN MASSACHUSETTS et al. v. DAILEY et al.

No. 3936.

District Court, D. Massachusetts.

Dec. 8, 1933.

McCarthy & Doherty, of Springfield, Mass., specially.

David H. Keedy, of Springfield, Mass., for all defendants except Gatelee.

John F. Gatelee, of Springfield, Mass., pro se.

BREWSTER, District Judge.

The plaintiffs are owners and operators of motortrucks and an association of such operators. The defendants are the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of American Local 404 and certain individuals, officers, and members in said labor union, some of whom were former employees of one of the plaintiffs.

The plaintiffs brought this bill of complaint in the superior court for the county of Hampden, commonwealth of Massachusetts. The defendants filed a petition to remove the cause to this court and, notwithstanding the petition was denied by a Justice of the state court, it was filed in this court and is now presented upon plaintiff's motion to remand.

The plaintiffs and defendants are all citizens of Massachusetts. The sole ground for

removal is that "the controversy in suit is determinable by the rights of the parties under the law and statutes of the United States commonly known as the National Industrial Recovery Act, 48 Stat. 195 (commonly otherwise called the N. R. A.) and involves an interpretation and construction of that law and statute and its constitutionality under the Constitution of the United States."

The petition sets out no facts from which it is possible for the Court to determine what provisions of the National Industrial Recovery Act it may be called upon to construe, nor what rights under the act are being asserted, either by the plaintiffs or by the defendants.

According to the cases arising under the earlier statute (Act of March 3, 1875, c. 137, § 2, 18 Stat. 470 [28 USCA § 71 note]), which construed the act to include in the pleadings, proper for consideration by the court, statements of fact set out in the petition for removal, this omission would be regarded as fatal. Little York Gold Washing & Water Company v. Keyes, 96 U. S. 199, 24 L. Ed. 656; Gibbs v. Crandall, 120 U. S. 105, 7 S. Ct. 497, 30 L. Ed. 590. But under decisions dealing with the later statute which is now in force (28 USCA § 71), an adequate statement of facts in the petition for removal would not have been enough to bring the case within the jurisdiction of the court if the bill of complaint failed to state a federal question. In other words, it is only when a plaintiff's statement of his own cause of action shows that it is based upon the Constitution or laws of the United States that this court may retain a case originally brought in the state court. Louisville & Nashville Railroad Company v. Mottley, 211 U. S. 149, 29 S. Ct. 42, 53 L. Ed. 126; In re Winn, 213 U. S. 458, 29 S. Ct. 515, 53 L. Ed. 873; Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511.

All of the decisions in the federal courts under the earlier or later statute agree that a cause cannot be removed simply because in the progress of the litigation it may become necessary to construe the Constitution or laws of the United States. Little York Gold Washing & Water Company v. Keyes, supra; Hoyt v. Bates (C. C.) 81 F. 641.

And this is so, even though subsequent pleadings raise a question of a federal nature. Metcalf v. Watertown, 128 U. S. 586, 9 S. Ct. 173, 174, 32 L. Ed. 543; Tennessee v. Union & Planters' Bank, supra.

In the Metcalf Case it was said that the court must "remand to the state court a suit which the record, at the time of removal,

674

failed to show was within the jurisdiction of the circuit court. It cannot retain it in order to see whether the defendant may not raise some question of a federal nature upon which the right of recovery will finally depend." This language was approved in the Tennessee Case.

Even if the allegations of the bill suggest the possibility that in the course of the litigation the rights of the parties might turn upon the construction of a federal law, the result would be the same. Louisville & Nashville Railroad Company v. Mottley, supra. The court would not have jurisdiction unless it appeared from his bill that the plaintiff was clearly asserting rights, the existence of which might depend upon the construction of a federal law.

■ With the above statement of the applicable law, let us consider the allegations of the plaintiffs' bill. The bill contains a somewhat elaborate recital of an attempt to arrive at a "working agreement" between the plaintiffs, as employers, and certain of the defendants, as employees, members of the defendant labor union; that negotiations progressed until the employees demanded that the agreement should contain a provision that the employer should hire only members of the union; that this demand was later modified so that the employer was required to give preference to members of the union between applicants of equal competency; that both of these demands were rejected by the plaintiffs; and that thereupon the defendants, or some of them, called a strike which was attended by acts of violence and threats committed by certain of the named defendants.

In the seventh paragraph of the bill of complaint is the following allegation:

"Your plaintiffs state that the defendants went out upon said strike as above referred to for the purpose of enforcing acceptance by your plaintiffs of the provisions of said Section 6 or of the substituted Section offered therefor and a duly authorized representative of said defendant so stated to your plaintiffs on October 29, 1933. Your plaintiffs therefore state that the strike is for the purpose of enforcing a closed shop upon your plaintiffs and for that reason said strike is wholly illegal in its purpose."

It is clear from this summary of the bill that the plaintiffs are alleging that the defendants are prosecuting an illegal strike, and in furtherance thereof are committing unlawful acts. The allegations are wholly consistent with the claim that the strike and the acts are declared to be unlawful by the courts of the commonwealth of Massachusetts. There is nothing in the allegations which give the slightest basis for thinking that the plaintiffs can or will call to their assistance any authority arising from federal legislation or are asserting any rights secured to them by the National Industrial Recovery Act or any other act of Congress.

The defendants in argument intimate that they can justify their demands and conduct upon the provisions of the N. I. R. A. As we have seen, the possibility of such an attempt on the part of the defendants does not operate to give the court jurisdiction over the controversy. If, during the course of the trial in the state court, a substantial federal question should develop, it is not only the province but the duty of the court to dispose of it. Any party aggrieved by the decision of the state court upon such federal question has full opportunity to obtain a review in the courts of the United States. Tennessee v. Union & Planters' Bank, supra.

I have accordingly granted the plaintiffs' motion to remand the case to the court from which it was removed.