## COMMONWEALTH OF MASSACHUSETTS
### v. McHUGH et al.
### Civ. A. No. 6611.

District Court, D. Massachusetts.

April 25, 1947.

Clarence A. Barnes, Atty. Gen. of Mass., for plaintiff.

Henry Wise, of Boston, Mass., for defendants.

HEALEY, District Judge.

This matter came on for hearing on April 7, 1947, on the plaintiff's motion to remand the action to the state court.

On February 14, 1947, the Commonwealth of Massachusetts by Clarence A. Barnes, Attorney General of the Commonwealth, filed a complaint in equity against defendants in the superior court for Suffolk County, Massachusetts.

The defendants are named and described as follows:

Patrick J. McHugh, Austin J. Powers, both of Boston in the County of Suffolk;

Alphonse F. Hayes, George H. Hodson, John G. Sparrow, John Calder, John A. Muise, all of Gloucester in the County of Essex;

Normand Lajoie, Leo F. Barrett, both of New Bedford in the County of Bristol, individually and as officers and members of the Atlantic Fishermen's Union, Gloucester Branch, Boston Branch, and New Bedford Branch respectively, a voluntary unincorporated association, having usual places of business in said Gloucester, Boston, and New Bedford, affiliated with the American Federation of Labor, and all the other officers and members of said Atlantic Fishermen's Union, Gloucester Branch, Boston Branch, and New Bedford Branch, the names and designations of whom are unknown to the plaintiff.

The bill of complaint states that "the Attorney-General for the Commonwealth of Massachusetts and in the name of the Commonwealth brings this action in the nature of a Bill of Complaint against the defendants under General Laws (Ter.Ed.) c. 93, § 3."

Paragraph 2 of the complaint alleges that the Atlantic Fishermen's Union assumes jurisdiction over substantially all of the commercial fishing for fresh fish originating out of the ports of Gloucester, Boston and New Bedford, and through its membership, exercises complete control over the activities of the fishermen in

those areas and of the entire supply of fresh fish coming into the ports of Gloucester, Boston and New Bedford, which constitutes substantially the entire supply for the Commonwealth; that the defendants through collaborating, cooperating and conspiring have entered into a plan or scheme, the purpose of which is to control completely not only the catching of all fresh fish in the Atlantic ocean adjacent to the Commonwealth of Massachusetts, and the above designated ports, but also to control the marketing, sale and price of all said fish in such a manner as to create a monopoly, to illegally suppress competition and unreasonably restraining trade preventing the free pursuit of lawful business, trade or occupation, purchase and sale of fresh fish in violation of the common law and of General Laws of Massachusetts (Ter.Ed.) c. 93, § 2.

The details of the alleged conspiracy are set forth in subparagraphs a, b and c of paragraph 2.

Subparagraphs d, e, f, g, h and i of paragraph 2 set forth various overt acts which are alleged to have been committed in furtherance of the conspiracy and to accomplish its ends.

Paragraph 3 contains an allegation that by virtue of the acts described in the various subdivisions of paragraph 2, the defendants have "unduly enhanced the price of fish, crippled the fish industry by subversive tactics and activities detrimental to the interests of the Commonwealth and the general public and causing irreparable damage and injury and constitute illegal acts strictly prohibited by the common law and the statutory law as hereinbefore set forth."

Paragraph 4 alleges that by virtue of the allegations set forth in paragraph 2 "said defendants have been, and are, continuing to violate General Laws, (Ter. Ed.) c. 93, § 2, and the common law."

The complaint concludes with a prayer for a preliminary and a permanent injunction against the continuance of the acts set forth in paragraph 2 of the complaint and for such further orders and decrees as to the court may seem meet and proper.

On February 20, 1947, the defendants appeared specially solely for the purpose of presenting a petition for removal of the cause to this court, and on that day filed in the state court their petition for removal to this court.

The bases alleged for the removal of the cause to this court are:

1. That plaintiff deliberately omitted and failed to state in its complaint that the defendant fishermen work as employees for wages arising out of activities occurring in the admiralty and maritime jurisdiction of the United States and in the stream of and affecting both interstate and foreign commerce.

2. That "the matters set forth in the suit and action of the Commonwealth of Massachusetts arise both under the Constitution and Laws of the United States, and present substantial disputes, controversies, and questions which arise out of, and the correct decision of which depend upon the proper construction and application, severally and in correlation, of such Constitution and laws of the United States, and particularly, in discrete or correlated relation, so far as apt, of

"(a) The First Article of the Constitution of the United States, Section 8, clause 3 thereof;

"(b) The Third Article of the Constitution of the United States, Section 2, thereof, and the admiralty and maritime jurisdiction within the Federal Competency over navigable waters;

"(c) The 14th Amendment to the said Constitution of the United States, Section 1 thereof;

"(d) The National Labor Relations Act, being act of July 5, 1935 [29 U.S.C.A. § 151 et seq];

"(e) The Sherman Act, so called, being act of July 2, 1890 [15 U.S.C.A. §§ 1–7, 15 note];

"(f) The Clayton Act, so called, being act of October 15, 1914 [15 U.S.C.A. § 12 et seq.];

"(g) The Federal Anti-injunction Act, the Norris LaGuardia Act, so called, being act of March 23, 1932 [29 U.S.C.A. § 101 et seq.]".

3. That "said suit and action of the Commonwealth of Massachusetts is one of which the District Courts of the United States, other than in the case of the said National Labor Relations Act in special circumstances provided, are given original jurisdiction."

On February 21, 1947, Williams, J. of the Massachusetts Superior Court, denied the defendants' petition for leave to remove the suit to this court. The exceptions of the defendants to this order were saved and the action by the court was reserved for report to the Supreme Judicial Court of Massachusetts.

On February 21, 1947, the defendants, without waiving their right to insist upon a removal of the cause to this court, and without waiving their appeal and exceptions to the denial of their petition for removal, filed, by leave of court, a motion to dismiss and quash the bill of complaint, subpoena and orders of notice. After hearing on that day, the judge of the state court denied this motion without prejudice to raise the same issues at the trial on the merits. On that day also the judge of the state court entered an interlocutory decree granting a preliminary injunction as requested by the plaintiff.

On March 19, 1947, the defendants filed in this court a motion to amend the removal petition by adding to paragraph 3 thereof an allegation that more fully describes the admiralty and interstate character of the fishing business; and another paragraph which alleges that the sale and other disposition of fish in Boston is subject to, regulated and governed by a final decree of this court as issued in the case of United States v. New England Fish Exchange et al., under date of December 4, 1919, in the case of Equity No. 810 (258 F. 732), and alleging that these matters of "sale and distribution of fresh fish rest within the bosom of the equity jurisdiction of this court." The motion further alleges that these facts were "material facts known to the plaintiff, but designedly omitted from the allegations of its Bill of Complaint."

The so-called "Removal Statute", Section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71, provides in part that "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."

Assuming the present action to be a suit of a civil nature, in equity, the first question to be determined in regard to its removability is whether it is a case of which the district courts of the United States are given original jurisdiction.

Section 24 of the Judicial Code, as amended, 28 U.S.C.A. § 41, provides, in part, as follows: "The district courts shall have original jurisdiction as follows: First. * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, * * *".

It is evident that the court has no jurisdiction to hear this case as a suit in equity between citizens of different states, because the Commonwealth of Massachusetts is not a citizen within the meaning of the Constitution or the acts of Congress. State of Minnesota v. Northern Securities Company, 194 U.S. 48, 24 S.Ct. 598, 48 L. Ed. 870; Stone v. State of South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962; Postal Telegraph Cable Company v. State of Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231; Missouri, Kansas & Texas Railway Co. v. Hickman et al., 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78; State of Arkansas v. Kansas & Texas Coal Company et al., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144; Title Guaranty & Surety Co. of Scranton et al. v. Idaho, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566.

The only question left to be decided, therefore, is whether this case arises under the Constitution or laws of the United States.

■ As stated in Re Winn, 213 U.S. 458, 465, 29 S.Ct. 515, 516, 53 L.Ed. 873: "It is the settled interpretation of these words, as used in this statute conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough, as the law now exists, that it appears that the defendant may find in the Constitution or laws of the United States some ground of defense." See also Chaskin v. Thompson, 9 Cir., 143 F.2d 566, and cases cited; Motor Truck Association of Western Massachusetts et al. v. Dailey, D.C., 8 F.Supp. 672.

■ And, if such does not appear in the plaintiff's statement of his own cause of action, the want cannot be supplied by any statement in the petition for removal. Minnesota v. Northern Securities Company, 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870; Gully v. First National Bank, 299 U. S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70.

■ In the instant case, the bill of complaint sets out a cause of action arising under the state anti-trust act. Thus, on its face it sets out a suit arising under state law, not an action arising under the Constitution or laws of the United States. Gully v. First National Bank, 299 U.S. 109, 116, 57 S.Ct. 96, 81 L.Ed. 70; State of Minnesota v. Northern Securities Company, 194 U.S. 48, 65, 24 S.Ct. 598, 48 L. Ed. 870.

This is so, even though the purposes of the Massachusetts anti-trust act are similar within its scope to the Sherman Act. There is no allegation that it is being brought under the Sherman Act or under the Constitution of the United States.

■ Even though the Attorney General had attempted to base the action of the Commonwealth on the Sherman Act, this court would have no jurisdiction, since, under that act, the district courts of the United States are given jurisdiction only of—

1. criminal proceedings;

2. suits in equity, in the name of the United States to restrain violations of the act;

3. proceedings in the name of the United States for the forfeiture of property being in the course of transportation; and,

4. actions by any person or corporation for the recovery of three-fold damages for injury done to business or property by some other person or corporation. State of Minnesota v. Northern Securities Company, 194 U.S. 48, 68, 24 S.Ct. 598, 48 L. Ed. 870.

The instant case does not fall within any of these classifications, since it is a bill in equity brought by the Attorney General of Massachusetts in the name of the Commonwealth of Massachusetts. State of Minnesota v. Northern Securities Company, supra.

Assuming, but not deciding, that the state court has no jurisdiction of this case, because Congress preempted the field of anti-trust regulation so as to exclude any attempt by the Commonwealth of Massachusetts to regulate the fishing industry, or because the activities connected with the fishing industry are within the sole and exclusive control of this court by reason of United States v. New England Fish Exchange, and the rules of said Exchange, forming a part of the final decree in said cause, or because the regulation of the fishing industry forms a part of the exclusive admiralty jurisdiction of this court, as contended by the defendants, this court would, even then, have no jurisdiction to hear this case on removal from the state court.

■ The jurisdiction of a district court of the United States to entertain suits removed thereto from a state court is derivative. Hence, if the state court had no jurisdiction in the first instance, this court has no jurisdiction of the same cause on removal. Freeman v. Bee Machine Company, Inc., 319 U.S. 448, 449, 63 S.Ct. 1146, 87 L.Ed. 1509; Lambert Run Coal Company v. Baltimore & Ohio Railroad Company, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671.

I am, therefore, of the opinion that, since this case does not involve a controversy within the jurisdiction of this court, it should be remanded to the state court.

On the plaintiff's motion made in the state court after the other defendants had filed their petition for removal of the case to this court, Daniel McMillan of Boston, Massachusetts, in his individual capacity, was joined as a codefendant. Thereafter, a separate petition for removal was filed on his behalf in the state court, and that court took the same action in regard to that petition as it did in the case of the other codefendants. The plaintiff has filed a separate motion to remand.

Since this petition for removal is based on the same allegations as the petition of the other codefendants, and, since the law applicable to each is the same, the ruling on both motions to remand will necessarily be the same.

The motions to remand the cases to the Superior Court of Massachusetts are allowed, and the Clerk will prepare an order in conformity therewith.