## Webb v. Montgomery Ward & Co. et al.

October 25, 1946.

C. X. Johnson and Elwood Rosenbaum for appellant.

Wilson, Harbison, Kessinger, Lisle & Bush and I. Jay Miller for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Charlotte Webb, was employed as a saleswoman in April, 1943, by the appellee Montgomery Ward & Company, at Lexington, Kentucky. On May 1, 1943, appellant stumbled over a dress rack and bruised her left leg. She went to her home before closing time on the day of the accident, but returned to work on the following day and continued to work until some time in July, when she left appellee's employ voluntarily and accepted employment in Louisville, Kentucky. In October, 1943, she notified Mr. R. M. Barden, the appellee's manager at Lexington, that her leg was giving her trouble, and asked for the name of the company physician. It appears that she had some correspondence with Mr. Barden thereafter concerning the payment of her medical bills. In June, 1944, more than a year after the alleged injury was sustained, she filed an application for adjustment of compensation with the Workmen's Compensation Board. Considerable testimony was taken upon the question as to whether or not appellant ever accepted the provisions of the Workmen's Compensation Act, pursuant to KRS 342.395. The great weight of the testimony was to the effect that she had not accepted the provisions of the Act, and the referee who heard the

testimony so found. He did not consider or discuss the evidence as to the nature and extent of the injury or whether it resulted from the accident of May 1, 1943. The finding of the referee, designated "Opinion and Order," was filed May 25, 1945. The order reads:

"Subject to appeal to the Full Board, order of Referee is approved by the Board, as follows:

"This cause coming on to be heard, and the Workmen's Compensation Board being sufficiently advised, it is hereby ordered and adjudged that the claim of Charlotte Webb against Montgomery Ward and Company, be, and the same is hereby dismissed."

On June 5, 1945, the Workmen's Compensation Board entered an order approving the opinion and award of the referee. The order stated that the opinion and award was "approved by the Chairman, John E. Shepard on June 5, 1945, and the full Board concurring." On June 25, 1945, the applicant filed a petition for review in the Fayette circuit court, and thereafter the employer filed a motion to dismiss the petition on the ground that it was not filed within twenty days after the rendition of the final order or award of the Board. The circuit court sustained the motion and dismissed the petition for review.

On this appeal only so much of the evidence as bears upon the issue as to whether or not appellant accepted the provisions of the Workmen's Compensation Act has been brought to this court, but it is unnecessary to determine whether the Board's finding on this issue is supported by any relevant, competent evidence, since we have concluded that the judgment of the circuit court dismissing the petition for review for want of jurisdiction is correct. KRS 342.275 provides that the Board, or any of its members, shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner. KRS 342.280(1) reads:

"If an application for review is made to the board within seven days from the date of the award, the full board, if the first hearing was not held before the full board, shall, as soon as practicable, review the evidence or, if deemed advisable, hear the parties at issue, their

representatives and witnesses, and shall make an award and file it as specified in KRS 342.275.''

KRS 342.285(1) provides that:

''An award or order of the board as provided in KRS 342.275, if application for review is not filed as provided in KRS 342.280, or an award or order of the board upon review as provided in KRS 342.280, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final order or award of the board, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for the injuries if this chapter did not exist, for the review of such order or award, the board and the adverse party being made respondents.''

The computation of the twenty days is made from the act of the rendition of the award and not from the day of the award, therefore the day the award was entered must be included in the twenty-day period. Verda-Harlan Coal Company v. Harlan National Bank, 229 Ky. 565, 17 S. W. 2d 718. It follows that the petition for review in the present case, as in the case just cited, was filed on the twenty-first day, and was too late.

Appellant concedes that she did not make a timely application for review if the award of June 5 was a full Board award, but she argues that the award was not intended by the Board to be a full Board award and that under KRS 342.280(1), she had seven days from June 5, 1945, in which to make application for review by the full Board. In her petition for review in the circuit court she alleged that she made an application on June 12, 1945, for a full Board review, but the transcript of the Board's record of the case brought to this court fails to show if or when such application was filed. It is stated in appellant's brief that the application for a full Board review was mailed to the Board in Frankfort, Kentucky, on June 12, 1945, and was filed on June 13, 1945, which was more than seven days after the rendition of the award. That being true, the award of June 5, 1945, even though not a full Board award, was conclusive and binding as to all questions of fact, and was the final order from which an appeal to the circuit court might be prosecuted. KRS 342.285; Lena Rue Coal Company v. Brew-

er, 213 Ky. 327, 280 S. W. 1097. But, aside from this fact, the award of June 5, 1945, was an award by the full Board, and was so intended by the Board. The referee's opinion and award was filed May 25, 1945, and on June 5 an order was entered reciting that the referee's award was approved by the chairman of the Board with the full Board concurring. Clearly this was an order by the full Board approving the referee's order dismissing appellant's claim, and was a final disposition of the case. Appellant's only remedy was by an appeal to the circuit court within twenty days thereafter. Collingsworth v. Harvey Coal Corporation, 288 Ky. 704, 157 S. W. 2d 294; Washington v. Clover Fork Coal Company, 269 Ky. 604, 108 S. W. 2d 502.

The judgment is affirmed.