## Manchester Coal Co. v. Haynes et al.

June 25, 1948.

839

Clyde R. Levi and William B. Arthur for appellant.

D. G. Colson for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This appeal questions the correctness of an award of the Workmen's Compensation Board and the affirmance thereof by the Clay Circuit Court.

The proceedings were instituted before the Workmen's Compensation Board by appellee, Gladys Haynes, seeking an adjustment of an alleged claim as the surviving widow and dependent of John Haynes. On October 28, 1942, John Haynes received a personal injury by accident arising out of and in the course of his employment with appellant, Manchester Coal Company. He had received compensation therefor the sum of $2505, which represented payments from that date to January 9, 1946. He died on January 26, 1946, and appellee, as his surviving widow, filed claim with the Compensation Board on June 19, 1946.

The Referee found in favor of Gladys Haynes. The Full Board on review affirmed the ruling and award of the Referee. Appeal was prosecuted to the Clay Circuit Court where the award of the Full Board was affirmed. From that judgment this appeal is prosecuted.

There are two very sharp and close questions presented on this appeal. It is insisted strongly that the claim is barred by limitations. KRS 342.111, Acts 1942, c. 94, which was in force at the time this claim arose, granting continuance of disability payments to depend-

ents when the employee dies before all disability award has been paid, provides:

"* * * that the dependents of such deceased employe shall, within sixty days after the death of such employe, file with the Workmen's Compensation Board, in such form as the board may require, a written, verified application, stating therein the date of the death of such deceased employe; the amount of such allowed and uncollected award; the name, age, post-office address, and the relation of each of said dependents to the deceased. * * *"

It might be noted here, however, that the time within which to file has been changed by the 1946 Act, c. 37, sec. 9, from 60 days to 6 months. Appellant takes the position that the above provision is mandatory both as to time and as to form of notice or application. We agree with appellant in the contention that the time is mandatory. Obviously, this was what was in the mind of the Legislature since the time was changed from 60 days to 6 months, but we cannot agree as to the form. Whatever notice was received by the Board, as well as the representative of or attorney of the employer, was deemed by the Board to have been necessary.

The uncontradicted evidence is that within two weeks after John Haynes died appellee wrote a letter notifying the Board of the death of her husband and stating that she was the dependent and asked for adjudication of the matter. The Board replied to this letter directing appellee to write to Mr. Clyde R. Levi, attorney for the carrier, or possibly employer. This was done. The evidence shows that well within 60 days from the death of John Haynes two letters were addressed to Clyde R. Levi. This is not denied. In addition to this the evidence shows that a check was mailed to John Haynes as payment in the award to him and this check was returned with a notation that John Haynes was deceased.

It was upon such notice that the Full Board and the Court below entertained the application and award. The Board itself deemed the notice to be sufficient and treated it as reasonable compliance. Since the beneficent purpose of the Act should not be defeated by technical construction, we are not disposed to disturb this

action of the Board. Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S. W. 467.

The second, and likewise close question, is the contention that the cause of John Haynes' death can in no way be connected with the injury. As stated above, John Haynes was injured in October 1942. He died January 26, 1946, three years and three months after he received the injury. The death certificate showed he died of pneumonia. It is insisted that there was no evidence to show that this pneumonia was the natural and direct result of the traumatic injury sustained in 1942. It is insisted that there is no connection whatsoever between the death from pneumonia in 1946 and the personal injury in 1942. We are aware that there must be the existence of a relationship. The numerous cases cited by appellant in support of that position are well taken but they are not in point here. KRS 342.005 does specifically provide:

"It shall affect the liability of the employers subject thereto to their employes for a personal injury sustained by the employe by accident arising out of and in the course of his employment, or for death resulting from such accidental injury. Personal injury by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident."

We must then look at the evidence here in the light of the above and determine in the light of that evidence whether or not the death was wholly independent of and by no means incident to the employment of the deceased.

John Haynes, apparently from this record, was paralyzed from his hips down. Dr. Cooper stated that at the time he saw Haynes, and he saw him only the one time, which was just two days prior to his death, Haynes had a high fever and had large bed sores. He stated that although the death certificate showed bilateral-broncho pneumonia to be the cause of death, Haynes weakened condition, directly resulting from the injury and his injury and his inability properly to care for himself, was the cause of pneumonia. Obviously, this man had been gradually dying for over three years, and just prior to the time of his death this pneumonia developed.

842

Under this evidence the Referee and Full Board in review could have made the award as they did. There is sufficient evidence to uphold it and there is no reason why we here should throw overboard the rule that has controlled this Court through the years, that if there are facts to support the finding of the Board we will not disturb the award. Utley v. Pence, 295 Ky. 673, 175 S. W. 2d 372; Agsten et al. v. Brown-Williamson Tobacco Corporation, 272 Ky. 20, 113 S. W. 2d 829; and Diaz v. United States Coal & Coke Co., 270 Ky. 565, 110 S. W. 2d 290.

The next question raised is as to certain exceptions taken to Dr. Cooper's testimony, apparently based upon the fact that he was not competent to testify since he had seen John Haynes but the one time. Although one or two of the questions may have been somewhat leading, yet everything that he testified to could have been cared for by an hypothetical question and would have been sufficient. There is no merit in this contention.

Wherefore, the judgment is affirmed.