## Jeane Francis Coal Co. v. Fields et al.

April 26, 1949.

Craft & Stanfill for appellant.

Courtney C. Wells for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This appeal is from a judgment approving an award of the Workmen's Compensation Board which allowed Harve Fields compensation on the basis of total permanent disability resulting from an injury to his back. The Coal Company takes the position that (1) there was no competent evidence on which to base the award; (2) the Board erred in not apportioning the disability due to pre-existing disease and that resulting from trauma; and (3) the Board erred in overruling the Company's motion to appoint a disinterested physician to examine Fields.

Since we are of the opinion that the Company's third contention is well grounded, we shall confine our consideration of the case to that question. There is conflict in the medical testimony on the questions of the nature and extent of the injury and preexisting disease which leads us to the conclusion that the Company was justified in asking that a disinterested physician be appointed to examine Fields.

Prior to 1946, KRS 342.315 provided, as it now does, that: "The board, or any member thereof, may, upon the application of either party or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination of the employe and to testify in respect thereto."

In Chapter 37, Acts 1946, this statute was amended by inserting the following sentence after the one just

quoted: "* * * Upon the application of either party, such appointment shall be made in any case where the amount of compensation claimed, or reasonably to be anticipated, exceeds the sum of $200.00."

In Chapter 151, Acts 1948, KRS 342.315, was amended by omitting the sentence placed therein by the General Assembly in 1946.

Fields received his injury in 1945, but his case was considered while the 1946 amendment was still a part of KRS 342.315. Clearly the 1946 amendment related only to a question of Compensation Board procedure. Therefore, it would apply to all cases being considered by the Board while it was in effect.

The Company takes the position that the 1946 amendment made it mandatory on the part of the Board to appoint a disinterested physician upon motion of either party where the amount of compensation claimed or which might be reasonably anticipated exceeded $200. The appellee takes the position that, since the case was submitted on joint motion of the parties before it was heard by the referee, the motion for the appointment of a disinterested physician came too late. As a matter of fact, this motion was made at the same time the motion was made for a full Board review following the recommendation of the referee. The 1946 amendment specified no particular time for the filing of the motion and it seems to us that it was made timely. It is true that the Company had agreed to the submission of the case, but the Board was not bound by any recommendation of the referee. Upon its own motion, or the motion of either party, the Board may hear additional evidence before a final award is made.

The case of Bell Coal Company v. Jackson, 298 Ky. 238, 182 S. W. 2d 775, is not controlling here. In that case it was argued that the circuit court erred in not remanding the case to the Compensation Board with instructions to have the injured party examined by a disinterested physician. The motion came after the Board had made a final determination of the case and had actually lost jurisdiction of it because of its pendency in the circuit court.

For the reasons given the judgment is reversed, with

directions to set it aside and that the case be remanded to the Board for proceedings consistent with this opinion.