## Charles v. Big Jim Coal Co. et al.

March 2, 1951.

R. L. Maddox, Judge.

E. B. Wilson for appellant.

James W. Smith for appellees.

JUDGE STEWART—Affirming.

Appellant, W. N. Charles, was injured on August 27, 1947, while working for appellee, Big Jim Coal Company, in an accident arising out of and in the course of his employment. Both parties had accepted and were working under the provisions of the Workmen's Compensation Act, KRS Chapter 342, sec. 342.001 et seq. The Coal Company voluntarily paid appellant compensation up to and including December 10, 1947, at which date all compensation payments ceased. On December 11, 1947, Charles was reemployed by the Coal Company as a night foreman, performing the same duties at substantially the same wages after his reemployment as before his accident. Because of his disability, he states, he was prevented from earning extra income, as he had done prior to his injury. His employment as just mentioned has continued until the present time.

Charles filed his application for adjustment before the Workmen's Compensation Board on December 10, 1948. The referee adjudged appellant to be 50% permanently disabled as to his body and allowed a recovery in his favor against appellee Coal Company of payments at the rate of $6 per week, for a period not to exceed 420 weeks, beginning August 28, 1947, subject to a credit for 21 weeks of compensation awarded appellant for temporary total disability and subject to a further credit for those weeks he has been, or will be, paid by the Coal Company a wage equal to or in excess of the weekly pay received by appellant at the time of his injury, together with 6% interest on all past due installments. Charles was also allowed a recovery for medical expen-

ses not to exceed $400, less whatever sums had been paid for such services by the Coal Company.

Upon a full Board review, the decision of the referee was overruled and appellant's claim was adjudged barred by limitations and dismissed. The Bell Circuit Court sustained the opinion and order of the full Board, and appellant prosecutes this appeal from the judgment adverse to him in circuit court.

As we have concluded that the Coal Company's plea of limitations precludes a recovery by appellant on his claim, we give our consideration only to this point.

KRS 342.185 provides, in part, as follows: "If payments of compensation as such have been made voluntarily the making of a claim within such period shall not be required, but shall become requisite following the suspension of such voluntary payments."

The rule in this forum is that when the computation of time is to be made from an act done, the day on which the act is done must be included, but when the computation is from the date itself, rather than from an act done, then the day on which the act was done must be excluded. This rule was announced in the case of Chiles v. Smith's Heirs, 13 B. Mon. 460, as follows: "The rule in regard to the computation of time seems to be, that when the computation is to be made from an act done, the day in which the act was done must be included, because, since there is no fraction of a day, the act relates to the first moment of the day in which it was done. But when the computation is to be from the day itself, and not from the act done, there the day in which the act was done must be excluded."

In the case of Elkhorn Collieries Co. v. Robinson, 234 Ky. 24, 27 S.W.2d 393, 394, we held as follows: "There is no question that voluntary payments were made and they were made as compensation. This obviated the necessity of making any claim for compensation on the part of appellee. But if such voluntary payments ceased, then the making of the claim at once became requisite, and it must have been made within one year after the voluntary payments ceased."

The same ruling was laid down in Fiorella v. Clark, 298 Ky. 817, 184 S.W.2d 208. In Webb v. Montgomery

Ward & Co., 303 Ky. 152, 197 S.W.2d 90, this Court held that the 20 days provided by KRS 342.285 of the Workmen's Compensation Act for filing a petition for review in the circuit court of a final award of the Board shall be computed from the act of rendition of the award, not from the day of the award, and that the day the award was entered must be included in the 20-day period.

As only one day bars appellant's right of action, and as 1948 was a leap year and had one more day than the ordinary year, the question arises whether this fact would differentiate his case from the usual one. In Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S.W. 279, this exact point was involved and this Court held in that case that an action for injuries sustained on September 19, 1903, was barred by limitations on September 19, 1904, notwithstanding the fact that the year 1904 was a leap year.

Wherefore, the judgment of the lower court is affirmed.