**INLAND GAS CORP. v. FLINT et al.**

Court of Appeals of Kentucky.
March 6, 1953.

J. Woodford Howard and Fred G. Francis, Prestonsburg, for appellant.

A. H. Adams, Salyersville, Ben Mann, Paintsville, for appellees.

STANLEY, Commissioner.

■ Curtis Flint, an employee of the receiver of the Inland Gas Corporation, was injured on September 21, 1950, and died October 8, 1950. The Workmen's Compensation Board found that his death was due to traumatic pneumonia and made a suitable award to his widow and infant children. The circuit court confirmed. The appeal to this court is against the widow alone, the addition of "et al" in the statement of appeal being of no effect. Civil Code of Practice, § 739, subd. 1, par. b; Adams v. Wells, 254 Ky. 797, 72 S.W.2d 476.

■ In our opinion, there was ample evidence to sustain the award and the judgment confirming it. The question is whether or not the application for compensation was filed one day too late. The date of the filing was October 8, 1951.

■ The statute declares "Such application must be filed within one year after the accident, or, in case of death, within one year after such death * * *." KRS 342.270. The provision is mandatory as to time. Manchester Coal Co. v. Haynes, 307 Ky. 838, 212 S.W.2d 315. As in other cases and transactions, "When computation of time is to be made from an act done, the day on which the act is done must be included, but when computation is from date itself, rather than from act done, day on which act was done must be excluded." Charles v. Big Jim Coal Co., 314 Ky. 778, 237 S.W.2d 68.

The Board sustained the applicants' contention that they could not prosecute the claim until leave had been granted by the United States District Court, whose receiver was operating the facilities, and that the limitation period was suspended while they were under that disability. The decision rests on the provision in the bankruptcy statute which suspends the state Statutes of Limitation, 11 U.S.C.A. § 29, sub. f, and the general principle that the time during which a person is prevented from exercising his legal remedy by some paramount authority is not to be counted against him. 34 Am.Jur., Limitation of Actions, Sec. 194.

The federal court was not asked for permission to pursue the claim with the Compensation Board until the year had nearly expired. An agreed order authorizing the proceeding was entered on September 13, 1951. The claim was not filed until twenty-five days later.

The appellant submits that there never was any such restraint since 28 U.S.C.A. § 959(a) provides:

"Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

Subsection (b) declares that a receiver or other similar officer of the court "shall manage and operate the property in his possession * * * according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

■ The general interpretation of this permissive statute is that obtaining leave of the federal court is not a prerequisite to maintaining an action in a state court against a federal receiver which is based on some act or omission connected with the ordinary operations of the company in receivership and that it is broad enough to

include actions growing out of negligence of the agents and servants of the receiver. American Brake Shoe & Foundary Co. v. Interborough Rapid Transit Co.; D.C., 10 F. Supp. 512, affirmed 2 Cir., 76 F.2d 1002, certiorari denied, City of New York v. Murray, 295 U.S. 760, 55 S.Ct. 923, 79 L. Ed. 1702; Slover v. Chicago M. & St. P. Ry. Co., 8 Cir., 16 F.2d 609; Barber v. Powell, 4 Cir., 135 F.2d 728, certiorari denied 320 U.S. 752, 64 S.Ct. 56, 88 L.Ed. 447; 21 C.J.S., Courts, § 535b; 75 C.J.S., Receivers, § 333; 45 Am.Jur., Receivers, Sec. 465.

■ In an incomplete examination, we find no case relating to a proceeding to recover benefits under a workman's compensation act, but we do not doubt that an injury or death suffered by an employee of a receiver must be regarded as within the term "acts or transactions in carrying on business connected with" property in receivership. Therefore, the misconstruction of the law with respect to the parties being restrained from filing the claim cannot save them from the result of the delay.

The appellee submits alternative grounds of argument that the claim was not barred by the statutory one-year provision of KRS 342.270.

■ We cannot agree with the appellee's resourceful attorney that it is more logical to say that "after such death", the starting point of the prescriptive period specified in KRS 342,270, refers to "the date itself" and not to "an act done", as distinguished in the rule of interpretation expressed in Charles v. Big Jim Coal Co., supra, 314 Ky. 778, 237 S.W.2d 68. A person's birth and his death are the most important and significant acts of his life, although it cannot be said that either was an "act done" by himself. Theoretically, the claim could have been filed on the very day of the employee's death, so that day must be counted.

The day on which her husband died, October 8, 1950, and the day on which the one year expired, October 7, 1951, both were Sundays. It is submitted that the offices of the Compensation Board, as the tribunal with which the claim must have been filed, was closed on the 7th by operation of law so that she was justified in filing it on the following Monday.

■ The weight of authority is that if the last day of the period of limitation falls on Sunday, an action commenced the following day is not too late. 34 Am.Jur., Limitation of Actions, Sec. 252. But in Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S.W. 279, 124 Am.St.Rep. 388, this court reasoned and ruled that the time specified in the general Statute of Limitations for the commencement of actions for personal injuries (now KRS 413.140) includes Sunday, and that a suit filed on September 19, 1904, which was Monday, for injuries sustained on September 19, 1903, was barred. That construction has been consistently adhered to. The latest opinion effectuating it is Fannin v. Lewis, Ky., 254 S.W.2d 479, in which we reiterated that the rule is too firmly established to be changed by the court.

■ The appellee invokes the construction given the Compensation Act that filing an application with the Board within one year after the "parties disagree or fail to agree" is in time. She cites Scott Tobacco Co. v. Cooper, 258 Ky. 795, 81 S.W.2d 588, and Russo v. Leckie Collieries Co., 269 Ky. 641, 108 S.W.2d 661. In the Cooper case the employer had for awhile recognized its liability under the law but later denied it. In the Russo case the employer's superintendent had lulled the representative of the family of the deceased employee into taking no independent action to such a degree that it could not be said that there was a disagreement as to liability one year before the claim was filed. The appellee views her situation in reverse, saying that it is evident the parties had failed to agree, "certainly during the period when appellee was in federal court", before the year had expired. The application which was filed recites that the employer had refused to pay medical expenses during the employee's hospitalization and his burial expenses. This indicates there was denial of liability from the beginning. There is no showing to the contrary. The rule with respect to filing a claim after disagreement applies when there had been previous acknowledgement or agreement of liability, implied or express, followed by a denial of liability. It

rests upon the equitable doctrine of estoppel to rely upon the defense of limitations.

■ Finally, it is argued that the employer was not prejudiced by the delay of one day, for the receiver all along knew that a claim was being asserted, and under the recognized liberal construction of the Workmen's Compensation Act, the judgment should be affirmed as a matter of equity and right. The premises of the argument are sound, but we cannot abet a misconstruction of the clearly expressed statute which bars the action and limits the powers and jurisdiction of the Compensation Board.

We are, therefore, constrained to reverse the judgment; but, as indicated, it affects the rights of the widow only.

Judgment reversed.