**MARY GAIL COAL COMPANY et al.,**
**Appellants,**

**v.**

**David Lloyd RHODES, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

Lyttle & White Manchester, M. B. Fields, Hazard, for appellants.

D. G. Colson, T. T. Burchell, Manchester, for appellee.

STEWART, Chief Justice.

The question in this appeal is whether or not the application for compensation was filed two days too late.

Appellee, David L. Rhodes, received an injury on January 17, 1953, while in the employ of appellant, Mary Gail Coal Company. He was working at the time under the provisions of the Workmen's Compensation Act, KRS Chapter 342. On January 15, 1954, appellee's attorney forwarded his application for compensation to the Workmen's Compensation Board at Frankfort. This was sent through the United States postal service by special delivery and by registered mail and arrived at the post office in Frankfort on January 16, 1954, at 9:10 a. m.

By an established policy the office of the Board is closed on Saturdays, Sundays and all legal holidays, and the Frankfort postmaster had been instructed by letter not to deliver any mail, including special delivery letters or parcels, registered mail or other communications, except during the working hours of the Board. Consequently, appellee's application was not received by the Board until the next working day, which was Monday, January 18, 1954. It was then marked filed. Neither appellee nor his attorney knew of this policy, since it had not been published.

Appellant subsequently filed a motion to dismiss, alleging the one-year statute of limitations, KRS 342.270, barred the claim. The Board sustained the motion and order-

**98**

ed the application dismissed. The circuit court reversed, set aside the Board's order of dismissal and remanded the case for a hearing upon its merits. In this appeal, the contention is renewed that appellee's application was not filed within time.

 KRS 342.270 declares that an "application must be filed within one year after the accident, or, in case of death, within one year after such death * * *." This provision is mandatory as to time. Manchester Coal Co. v. Haynes, 307 Ky. 838, 212 S.W.2d 315.

In urging a reversal, appellant relies upon a strict construction of the applicable statute. Although contrary to the weight of authority, 34 Am.Jur., Limitation of Actions, sec. 252, pp. 206–207, we have consistently held if the last day of the period of limitations falls on Sunday or a legal holiday an action commenced the following day is too late. See Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S.W. *279*; Charles v. Big Jim Coal Co., 314 Ky. 778, 237 S.W. 2d 68; Inland Gas Corp. v. Flint, Ky., 255 S.W.2d 1006.

All these cases involved Sunday or a legal holiday, and they are distinguishable from the one at bar wherein the disputed last day fell on Saturday, which the Board, along with other state departments, has promulgated to be a holiday. There is, however, no legal basis for declaring Saturday a holiday; in fact, appellee cites several statutory provisions, as well as certain postal regulations, which are to the effect that Saturday is to be considered a regular working day. Aside from this, although Saturday is observed as a day of rest by the state offices in Frankfort, one may certainly assume it is a common understanding of the public at large that Saturday is not a recognized legal holiday.

As is customary, appellee's attorney chose the United States mail as the medium to deliver the application for compensation to the Board. Under normal circumstances this instrument would have arrived on time and have been seasonably filed, but instructions from the Board itself intervened and caused the lapse of the limitation period. As has been mentioned, appellee had no notice the postmaster had been instructed not to deliver registered and special delivery mail to the Board on Saturday and we believe a claimant, in asserting an alleged legitimate claim for compensation, should not be held subject to the adverse consequences of an expedient postal delivery arrangement of which he had no knowledge. January 16, 1954, did not fall on Sunday or a legal holiday, and the application sent by mail could have been delivered on that date in the usual course. What could have ordinarily been done, should be considered done, and the application should have been marked "filed on January 16, 1954."

Wherefore, the judgment is affirmed.