**COMMONWEALTH of Kentucky DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Charles Grant CRUTCHFIELD et al., Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1963.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., James J. Shannon, Jr., Dept. of Highways, Frankfort, for appellant.

Marshall A. Dawson, Versailles, for appellee.

MOREMEN, Judge.

Appellee, Charles Crutchfield, an employee of the Department of Highways, was injured while in the course of his employment. He filed claim for benefits under the Workmen's Compensation Act. A referee allowed total temporary disability from August 19, 1959 to April 1, 1960. On December 20, 1960, the full board, by order, adopted the opinion and recommendation of the referee. On January 9, 1961, appellee filed an appeal from the order of the board.

Appellant, Department of Highways, by answer set up the defense that the appellee's

appeal was not filed within twenty days after the date of the board's award and was not timely under KRS 342.285, and moved that the appeal be dismissed. The motion was overruled. The order of the full board entered December 20, 1960 was set aside and the case was remanded to the board for further proceedings. From that judgment this appeal is prosecuted.

Appellant first urges as a ground for reversal that the circuit court failed to acquire jurisdiction because the appeal was not perfected within the twenty day limitation of KRS 342.285. Department of Highways v. Matney, 290 Ky. 440, 161 S.W.2d 617.

In cases of this nature the difficulty usually lies in the determination of whether or not the day of the act, from which the period of limitation begins to run, should be counted. In the past the rule was not too clear and in some instances the day of the act or event was included and, sometimes, as stated in § 681 of the old Civil Code, "If a certain number of days be required to intervene between two acts, the day of one only of the acts may be counted." But a certain determination had been made in connection with appeals from awards by the Workmen's Compensation Board. The computation was made under the rule that twenty days must include both the day the award was entered and the day the appeal was filed in the circuit court. Verda Harlan Coal Co. v. Harlan National Bank, 229 Ky. 565, 17 S.W.2d 718; and Webb v. Montgomery Ward & Co., 303 Ky. 152, 197 S.W.2d 90.

In this case the award was entered December 20, 1960. Perhaps this listing of dates will be graphic:

December 20, 21, 22, 23, 24    25, 26, 27, 28, 29,
         30, 31, 1, 2, 3        4, 5, 6, 7, 8 –
                                (9) Filing Date.

So it is readily ascertainable that the last or twentieth day fell on Sunday, January 8, 1961. The fact that the final day fell on Sunday (under the old cases) did not add a day of grace. See Sandlick Coal Co.

v. Hughes, Ky., 239 S.W.2d 258, where it was held that sub-section (2) of KRS 446.030 had no application.

The foregoing cases were decided before C R 6.01 became effective and when the terms of KRS 446.030 along with Civil Code, § 681 were the controlling statutes. They are cited in order to decide what impact the new rule has had upon that case law and upon the statutory provisions just mentioned.

C R 6.01 reads:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than seven days, intermediate Sundays or holidays shall be excluded in the computation."

We are not prepared to hold that KRS 446.030 was repealed or superseded by the Civil Rules but, as set out in C R 1, the rules now govern the procedure and practice in all courts of this state except where the procedure and practice are set out under special statutes—such as statutes relating to elections, election contests, taxes, et cetera. But KRS 446.030 is not a statute enacted for the purpose of outlining procedure in compensation cases alone; it is only a statute of general application. It does not create the right of appeal, therefore it is not a special statute which deals with appeals. The matter of appeal from a board to the circuit court is a strictly procedural matter and C R 6.01 should govern the method of computing time.

■ KRS 342.285 of the Workmen's Compensation Act states that "either party

may, within twenty days after the rendition of such final award or order of the board, by petition appeal to the circuit court", and the proper computation of this twenty day period should be made under the procedural provision of C R 6.01. Applying this rule to the instant case we find that when December 20—the date of the award—is eliminated, the filing on January 9 was within the twenty day period and additionally—although it is not necessary to invoke the rule in this case since January 8 was on Sunday—even if the first day is counted under the rule, the Sunday is not counted when it falls upon the last day of the period.

The circuit court was correct in overruling the motion to dismiss.

 Appellant next contends the court erred in holding that there was no competent evidence of probative value to support the finding of the board and in remanding the case to the board for further consideration.

As noted above, compensation benefits were allowed only to April 1, 1960. Dr. Reed, claimant's personal physician, testified on May 27, 1960, that appellee was a hundred per cent disabled until approximately April 1, and since that time he had suffered about fifty per cent incapacity. Dr. Reed had treated him the day before—on May 26. He gave a detailed description of the nature of appellee's injury and condition. In addition, the claimant himself, his wife, and four neighbors testified as to the extent of his disability. All were in agreement that he was unable to work with any degree of satisfaction, if at all.

On the other hand the only medical testimony in the record was given by Dr. Thompson to whom appellee had been referred by Dr. Reed for special examination. Dr. Thompson had examined him on January 12, and once again on February 12, and was of opinion that he had fully recovered and was able to work. This opinion was based on x-ray examinations and objective findings. It will be noted that during the period after February 12 and up to the time of the taking of the depositions in the case, Dr. Thompson had no contact with the plaintiff. The circuit court was of opinion that this testimony was too uncertain and remote to be of substantial probative value in determining his present condition and there was no evidence to contradict or overcome the showing that on May 26 or May 27, the plaintiff was impaired, at least fifty per cent, in his ability to work. We are of the same opinion and though we do not believe the suggestion of the circuit court that he was disabled to the extent of at least fifty per cent will be binding upon the board, it seems certain that appellee was disabled after April 1, 1960, and the board should re-examine the case.

The judgment is therefore affirmed.