Morris **SERGENT**, Appellant,

v.

**J. P. HONEYCUTT COAL COMPANY** et al., Appellees.

Court of Appeals of Kentucky.

March 8, 1963.

Stanley R. Hogg, Whitesburg, for appellant.

Willis W. Reeves, Reeves, Barret & Cooper, Hazard, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment of the circuit court affirming an order of the Workmen's Compensation Board which dismissed appellant's claim for workmen's compensation benefits.

■ Appellant's claim for compensation was based upon an alleged back injury. He was examined by six physicians, five of whom testified on the hearing before the referee that there was no back injury. On this evidence the referee recommended that the claim be rejected and it was so ordered on February 6, 1962. On February 20 the appellant filed a motion for full board review and a motion requesting appointment of disinterested *psychiatrists* for the purpose of *determining* whether appellant was suffering from a disabling *neurosis*. The full board entered an order reciting the concurrence of the board in the findings and conclusions of the referee, but reciting further that the claim was being rejected on "still another basis," namely, that the motion for full board review was not made within the time allowed by statute. This had the effect of overruling the motion for appointment of physicians under KRS 342.315 but the board later entered a separate order rejecting the motion on the ground that it was too late, having been filed after the expiration of the time allowed by statute for making a motion for full board review. These orders were affirmed by the circuit court.

Under KRS 342.280(1) a motion for full board review must be made within 14 days from "the date of the award." The board was of the opinion that the day on which the award was entered must be counted as one of the 14 days, so that the motions filed on February 20 were one day late. In this opinion the board was in error, failing to give proper significance to the fact that the statute calls for computation from the *date* of the award as distinguished from the *making* of the award (cf. KRS 342.285, which provides for an appeal to the circuit court within 20 days after the *rendition* of the award). KRS 446.030 provides that where

the time is to be computed from the *day* of an event, that day is not to be included in the count. Our decisions are in accord. See Charles v. Big Jim Coal Co., Ky., 237 S.W.2d 68.

Although the board was in error in ruling that the motion for full board review was filed too late, no prejudice resulted from that ruling alone because the board did in fact review the record and concur in the findings of the referee.

■ However, a different situation is presented with regard to the motion for appointment of physicians, which the board rejected because of its erroneous view that this motion also was too late. Under KRS 342.315 the board had discretion whether or not to appoint disinterested physicians. A motion for such appointment could properly be made within the time allowed for the making of a motion for full board review. Jeane Francis Coal Co. v. Fields, 310 Ky. 122, 220 S.W.2d 107. Here, because of its erroneous impression that the motion was not filed in time, the board did not exercise its discretion but simply refused to consider the motion. It is our opinion that the board should have entertained the motion and made disposition of it according to its sound discretion. Under the liberal interpretation required to be given to the workmen's compensation law we cannot say that the board could not in its discretion have granted the motion, even though it involved a theory of disability not presented before the referee and for which the claimant had presented no evidence.

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for further proceedings in conformity with this opinion.