**Walter RANDALL et al., Appellants,**

**v.**

**L. L. MORRIS TRANSPORT COMPANY, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

June 12, 1964.

Ralph H. Logan, Marshall B. Hardy, Jr., Hardy, Logan & Tross, Louisville, for appellants.

Faurest & Collier, Elizabethtown, for appellees.

Jack Q. Heath, Louisville, for Lillie Parker, Admr'x of John W. Parker.

Uhel O. Barrickman, Richardson, Barrickman & Dickinson, Glasgow, for L. L. Morris Transport and Merial D. Shreve.

Hobson L. James, Elizabethtown, for Arla Brown.

JOSEPH J. BRADLEY, Special Commissioner.

Ethel Randall filed suit to recover damages for personal injuries she alleges to have sustained in an automobile accident on October 19, 1961. Walter Randall, her husband, seeks in the same action to recover medical expenses, loss of services and damages to his automobile.

 Suit was instituted on October 19, 1962. On January 17, 1963, the court dismissed that part of the claim pertaining to personal injuries on the appellees' plea of KRS 413.140, which provides that an action for injuries to the person shall be commenced within one year after the cause of action accrued. KRS 446.030 prescribes the method of computation of time in such instances. In sustaining appellees' plea the court recognized the venerable rule in this jurisdiction that when the computation of time is to be made from a particular day, that day is to be excluded, but when time is computed from an act done, the day on which the act occurs is to be included in the computation. Computation is made from the event of the accrual of the cause of action, rather than from the day upon which it occurred. Fannin v. Lewis, Ky. 254 S.W.2d 479; Charles v. Big Jim Coal Co., 314 Ky. 778, 237 S.W.2d 68. Many other cases supporting this rule could be cited.

The appellants concede the court's firm commitment to this interpretation of the statutes. They observe, however, that the question has not been determined by the court since the adoption of the Rules of Civil Procedure. They contend that CR 6.01 should govern the method of computing time. The rule provides, in substance, that in computing any period of time fixed or allowed by the rules, or by any applicable statute, the day of the act or event after which the designated period of time begins to run is not to be counted. As may be seen, the rule does away with the distinction between computation made from an act and from the day on which the act was done.

 Admittedly, the method of computation of time prescribed by KRS 446.030 and the decisions construing it represent the minority view. Recently, however, in Commonwealth, Dept. of Highways v. Crutchfield, Ky., 365 S.W.2d 102, discussing the application of KRS 446.030 with regard to the Civil Rules, we stated that we were not prepared to hold the statute was repealed or superseded by the rules, as the

rules only govern the procedure and practice in judicial proceedings. Under KRS 446.030, a statute of general application, the cause of action in this case was barred before the suit was filed and thus before the rules became operable. See Moore's Federal Practice, R6, § 6.06 (Vol. 2, pp. 1470–1471).

It is recommended that the judgment be affirmed.

The opinion is approved by the court and judgment is affirmed.