**192**

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Flora BAKER, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen.,

Frankfort, James H. Lucas, Bowling Green, for appellant.

Charles H. Reynolds, Bowling Green, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment affirming an award of the Board of Claims in a proceeding under KRS 44.070 to 44.170. We do not reach the merits of the case.

The Commonwealth interposed the defense that this claim was barred because not presented to the Board within one year from the time it accrued. KRS 44.110(1). The accident happened on December 12, 1959; the claim was filed December 12, 1960.

The filing of the claim within the one year period is a condition precedent to recovery. Commonwealth Dept. of Highways v. Chinn, Ky., 350 S.W.2d 622. The computation of time is governed by KRS 446.030, not CR 6.01. Randall v. L. L. Morris Transport Co., Ky., 380 S.W.2d 221. As held in that case, since the day the cause of action accrues must be counted, proceedings commenced on the same date of the following year are not "within one year from the time the cause of action accrues".

As appellee's claim was filed too late, it should have been dismissed.

Appellee maintains that appellant failed to take the appeal from the award in the proper circuit court under KRS 44.140(1). Since appellee did not cross-appeal, this question is not properly before us. In any event, as this was a matter of venue, the objection was waived by failure to timely raise it in the circuit court.

The judgment is reversed with directions to remand the case to the Board of Claims with directions to dismiss appellee's claim.