**Dallas SHACKLEFORD, Appellant,**

v.

**Creed BARNETTE, and the Bell County Election Commission etc., et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 30, 1969.

James S. Wilson, Pineville, for appellant.

Robert J. Watson, Watson & Watson, Middlesboro, for appellees.

WADDILL, Commissioner.

This primary election contest proceeding involves the question of computing the time in which the answer must be filed. More particularly, whether the computation of the time in which to file the answer is governed by KRS 446.030, as decided by the trial court, or by Rule 6.01 of our Rules of Civil Procedure, as contended by appellant. If the time is computed under the statute the answer was not timely filed; however, if the time is computed under the Rule the answer was timely filed.

The trial court found that, under the method of computing time provided by KRS 446.030, "the time limit had run before the answers and counterclaims were filed and it follows that the rules of civil procedure became inoperable because these pleadings were not filed until ten days had expired and the jurisdictional prohibition was in effect * * *." The trial court struck the pleadings of the contestee, Dallas Shackleford, and entered judgment directing the Bell County Election Commission to issue an order that the contestant, Creed Barnette, is the nominee of the Republican Party for the office of Justice of the Peace in the Fourth Magisterial District of Bell County, Kentucky.

We are reversing the judgment because we are of the opinion that the provisions of CR 6.01 govern and that the answer was timely filed. Consequently, we are directing the trial court to reinstate the answer and counterclaim and to proceed with the trial of the issues that are properly presented.

Prior to relating the contentions of the parties to this appeal, we will set forth some of the events leading to this controversy.

At the primary election held in Bell County on May 27, 1969, appellant, Dallas Shackleford, and appellee, Creed Barnette, were candidates for the Republican nomination for the office of Justice of the Peace in the Fourth Magisterial District in Bell County. On the face of the election returns Shackleford received 234 votes and Barnette received 171 votes and the Bell County Election Commission determined that Shackleford was the Republican nominee. Shortly thereafter Barnette instituted this contest proceeding against Shackleford pursuant to the provisions of KRS 122.020 alleging, in summary, that Shackleford had violated the provisions of the Corrupt Practices Act (KRS 123.010, 123.-030 to 123.110), and that others in Shackleford's behalf and with his knowledge and consent had violated the provisions of these statutes.

This complaint was filed in court on June 10, 1969, within the time permitted by KRS 122.020. On the same day this suit was filed summons was issued and delivered to the sheriff of Bell County to be served upon Shackleford and upon the members of the Bell County Election Commission. While there is a dispute between Shackleford and Barnette as to whether the summons was served on Shackleford on June 10th or June 11th, the original return of the process officer as it was recorded by the Bell Circuit Court Clerk shows it was served on Shackleford on June 10, 1969. The trial court determined that the summons was served on Shackle-ford on June 10th and we hold that the trial court correctly decided that dispute.

On June 20, 1969, Shackleford served and filed an answer and counterclaim and also an amended answer and counterclaim. The counterclaim contained a counter contest. On June 23rd Barnette served and filed a reply which contained a responsive pleading to the counterclaim. Later Barnette filed a motion to strike the answer and counterclaim, as amended, on the ground that these pleadings were filed too late. He also moved for judgment declaring him the winner of the race. The trial court sustained these motions.

Barnette now contends, as he also did in the trial court, that the answer and counterclaim were not filed within ten days after service of summons as mandatorily required by KRS 122.020. He further contends that, since a primary election contest is a statutory proceeding (KRS 122.-020), the statute must be strictly observed to give the court jurisdiction. Gregory v. Stubblefield, Ky., 316 S.W.2d 689. Therefore, he urges that the failure to timely file the answer and counterclaim required the trial court to not only strike it from the record but to render judgment in his favor since he had alleged that Shackleford had violated certain provisions of the Corrupt Practices Act, KRS 122.010.

Shackleford contends that, after a contest action has been properly filed, the rules of civil procedure thereafter regulate the practice and procedure in the case. He relies upon Commonwealth Department of Highways v. Crutchfield, Ky., 365 S.W.2d 102 and Britton v. Garland, Ky., 335 S.W.2d 329 to support his contention.

In Randall v. L. L. Morris Transport Co., Ky., 380 S.W.2d 221, which involves the method of computing time, under the one year statute of limitation, in a tort action, we stated:

"Suit was instituted on October 19, 1962. On January 17, 1963, the court dismissed that part of the claim pertaining

to personal injuries on the appellees' plea of KRS 413.140, which provides that an action for injuries to the person shall be commenced within one year after the cause of action accrued. KRS 446.030 prescribes the method of computation of time in such instances. In sustaining appellees' plea the court recognized the venerable rule in this jurisdiction that when the computation of time is to be made from a particular day, that day is to be excluded, but when time is computed from an act done, the day on which the act occurs is to be included in the computation. Computation is made from the event of the accrual of the cause of action, rather than from the day upon which it occurred. Fannin v. Lewis, Ky., 254 S.W.2d 479; Charles v. Big Jim Coal Co., 314 Ky. 778, 237 S.W. 2d 68. Many other cases supporting this rule could be cited.

"The appellants concede the court's firm commitment to this interpretation of the statutes. They observe, however, that the question has not been determined by the court since the adoption of the Rules of Civil Procedure. They contend that CR 6.01 should govern the method of computing time. The rule provides, in substance, that in computing any period of time fixed or allowed by the rules, or by any applicable statute, the day of the act or event after which the designated period of time begins to run is not to be counted. As may be seen, the rule does away with the distinction between computation made from an act and from the day on which the act was done.

"* * *. Recently, however, in Commonwealth, Dept. of Highways v. Crutchfield, Ky., 365 S.W.2d 102, discussing the application of KRS 446.030 with regard to the Civil Rules, we stated that we were not prepared to hold the statute was repealed or superseded by the rules; as the rules only govern the procedure and practice in judicial proceedings. Under KRS 446.030, a statute of general application, the cause of action in this case was barred before the suit was filed and thus before the rules became operable."

The instant proceeding was judicially pending in the circuit court when the question arose concerning whether the answer was timely filed. In these circumstances the civil rules govern (Randall v. L. L. Morris Transport Co., supra,) unless, as provided by CR 1, they are inconsistent or in conflict with the procedure and practice provided by the applicable statute. See Britton v. Garland, Ky., supra.

In the instant proceeding the applicable statute to which CR 1 relates is KRS 122.-020, commonly known as the election contest statute. This statute is a part of KRS chapter 122, which provides the procedure for contesting elections. While KRS 122.-020 mandatorily requires the contestee "to file his answer within ten days after service of summons," it does not provide a method for computing the ten-day period.

KRS 446.030 is a statute of general application. Obviously, this statute is not a part of the Act governing election contests. Therefore, it is not the applicable statute within the purview of CR 1.

We hold that the time in which the answer was due in this proceeding should have been computed under CR 6.01 and when so computed, the answer was timely filed within the ten days from the service of summons.

The judgment is reversed with directions to reinstate the answer and counterclaim and to proceed with the trial of the issues that are properly presented by the pleadings of both parties.

All concur.