Reggie DAVIS, Appellant,

v.

**ISLAND CREEK COAL COMPANY et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

Marcus Mann, Salyersville, for appellant.

Fred G. Francis, Prestonsburg, Harry C. Campbell, Pikeville, Martin Glazer, Workmen's Compensation Board, Frankfort, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment of the Floyd Circuit Court sustaining an opinion and order of the Workmen's Compensation Board denying appellant's claim. Appellant asks that the judgment of the Floyd Circuit Court be reversed on the ground that the Board acted arbitrarily and capriciously in failing to exercise a reasonable discretion under the provisions of KRS 342.315, by disregarding claimant's

motion for appointment of a physician under KRS 342.315.

Four doctors testified that Davis had silicosis, and four doctors testified that he did not have it, some of whom said he had emphysema and others, bronchitis. Davis filed a motion to have the Board appoint a physician pursuant to KRS 342.315 and moved that submission of the case be set aside pending that action. Motion to set aside the order of submission was overruled and the motion to appoint a physician was passed to the consideration of the case on its merits. The claim was denied.

Was the action of the Board arbitrary or capricious or "characterized by an abuse of discretion or an unwarranted exercise of discretion in failing to appoint a disinterested physician under the authority of KRS 342.315?" KRS 342.315 provides:

"(1) The board, or any member thereof, may, upon the application of either party or upon its own motion, appoint not more than three disinterested and duly qualified physicians or surgeons to make any necessary medical examination of the employe and to testify in respect thereto."

■ Recognizing our decisions interpreting KRS 342.315, appellant does not dispute that the appointment of physicians under KRS 342.315 is discretionary (Thompson v. Mayflower Coal Company, Ky., 379 S.W.2d 459, 461 (1964) or that the Board's discretion in overruling a motion for such examination will not be interfered with by the court unless there is a clear and flagrant abuse of such discretion. (Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, 178 (1963) ). He argues that where the medical experts disagree it was arbitrary, capricious, or an abuse of discretion on the part of the Board to fail to appoint a disinterested physician. But in Thompson, cited above, the medical witnesses disagreed, and we did not reverse on the basis of the failure of the Board to appoint a physician under KRS 342.315.

The main thrust of Davis' argument, however, is that the Board did not exercise its discretion at all but merely ignored his motion by failing to pass on it at all. The mandatory part of KRS 342.315 is for the Board to act, though it has a sound discretion in granting or denying the appointment of a disinterested physician, or physicians.

The appellant quotes from Sergent v. J. P. Honeycutt Coal Company, Ky., 365 S.W.2d 734, 735 (1963) :

"Here, because of its erroneous impression that the motion was not filed in time, the board did not exercise its discretion but simply refused to consider the motion. It is our opinion that the board should have entertained the motion and made disposition of it according to its sound discretion."

The Board contends it did act on the motion, for KRS 342.260 authorizes the Board to prepare "such rules and regulations as it considers necessary to carry on its work and may make rules not inconsistent with this chapter for carrying out the provisions of this chapter." One of the rules the Board adopted reads: "Every final order or award of the Board has the effect of overruling all pending motions or objections not otherwise specifically disposed of by such final order."

■ A 1946 amendment to KRS 342.315 made the appointment of a disinterested physician mandatory on motion of either party, but that amendment was repealed in 1948 and such an appointment left to the discretion of the Board; Thompson v. Mayflower Coal Company, supra. Since the Board had the power to appoint a disinterested physician on its own motion had it thought one would be helpful, we can hardly conclude that it did not exercise its discretion when it failed to specifically rule on the claimant's motion. In a sense, the Board exercised its discretion on the issue when it did not appoint one of its own volition. Furthermore, since the Board passed the claimant's motion to the

consideration of his claim on the merits, it obviously decided that the appointment of a disinterested physician would not be helpful when it ruled against his claim after consideration on the merits. However, it would be better practice for the Board to rule specifically on such motions as this. See 2 Am.Jur.2d, Adm.Law, Section 350 for discretion of Administrative Agencies in disregarding own rules.

The judgment is affirmed.

All concur.