**NATIONAL INDEMNITY COMPANY, Plaintiff,**

v.

**Henry HANNA, et al., Defendants.**

**No. 91 CV 1461.**

United States District Court,
N.D. Ohio, E.D.

Nov. 8, 1991.

14

David L. Day, Dale D. Cook, Columbus, Ohio (James Turek, Reminger & Reminger, Cleveland, Ohio, of Counsel), for plaintiff.

Thomas J. Wilson, Comstock, Springer & Wilson, Youngstown, Ohio, for defendants.

## ORDER

BATTISTI, District Judge.

Before the Court is Plaintiff's Motion to Remand. For the reasons set forth below, the motion is granted.

This litigation arises out of an automobile accident between Defendants Henry Hanna and Jennifer Hanna (the Hanna Defendants), and Defendants Cathy Sopkovitch, Jon Sopkovitch and Rose Anderson (injured parties). The Hanna Defendants are residents of Michigan and the injured parties are residents of Ohio.

National Indemnity Company (National), which insured the rental vehicle operated by the Hanna Defendants, brought this declaratory judgment action for a determination of its obligations to defend and indemnify the Hanna Defendants. National initiated the action in the Common Pleas Court of Mahoning County, Ohio. The Hanna Defendants then removed the case. Although National has raised an issue concerning the timeliness of the removal, the Court does not reach that issue.

Regardless of the timeliness of removal, the instant case must be remanded because the required diversity does not exist. In addition to the general rules of diversity jurisdiction, a stricter standard applies where a defendant seeks removal and asserts diversity jurisdiction. Removal on the basis of diversity is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Here, the injured parties are residents of Ohio and the action was brought in Ohio. Nothing in the record indicates that the injured parties were improperly joined or that service was defective. The present case is unlike other cases where a party has purposefully joined unnecessary parties in order to upset diversity jurisdiction, attempted to join parties after removal for that purpose, or used similar procedural maneuvers. The practice of an insurer seeking declaratory judgment against an insured, and joining the injured party in that action, is common.

Therefore, the statutory requirements have not been satisfied.

The Hanna Defendants argue that realignment of the parties is appropriate. The real interests of the parties show that no realignment is possible. National has interests adverse to the Hanna Defendants as well as the injured parties, which also have interests adverse to one another.

Furthermore, the obstacle to jurisdiction is not the presence of National on one side, adverse to Hanna Defendants and injured parties on the other side. Rather, it is the presence of the injured parties as defendants. Realignment would make jurisdiction appropriate only if the injured parties

became plaintiffs. Realignment that made the injured parties plaintiffs, adverse to the Hanna Defendants and National, would destroy the usefulness of the declaratory judgment, and would create the same action as already pending in a separate state proceeding.

Accordingly, this case is REMANDED to the Common Pleas Court of Mahoning County, Ohio.

IT IS SO ORDERED.