**JEFFREY MINING PRODUCTS,**
Plaintiff,

v.

**LEFT FORK MINING COMPANY,**
et al., Defendants.

No. 1:97–CV–1932.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 24, 1997.

Robert J. Valerian, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, OH, for Jeffrey Mining Products.

Hilary S. Taylor, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, Richard A. Getty, Bowles, Rice, McDavid, Graff, Love & Getty, Lexington, KY, Brent Carleton Taggart, Vorys, Sater, Seymour & Pease, Columbus, OH, William Breck Weigel, Vorys, Sater, Seymour & Pease, Cincinnati, OH, for Left Fork Mining Company, Global Industrial Technologies, Inc., Harbison–Walker Refractories Company.

## MEMORANDUM DECISION AND ORDER

GWIN, District Judge.

On August 7, 1997, Defendant Left Fork Mining Company filed a motion to dismiss the above-captioned case or transfer venue to the United States District Court for the Eastern District of Kentucky, London Division [Docket # 4]. On August 22, 1997, the other two Defendants in this action, Global Industrial Technologies, Inc. and Harbison–Walker Refractories Company, filed a motion to remand this action to state court [Docket # 8]. Since Defendant Left Fork implicitly agreed to venue in this federal district when it had this action removed from state court, the motion to dismiss or transfer venue is denied; and since all defendants did not agree to removal, the motion to remand to state court is granted.

### I

On June 25, 1997, Plaintiff Jeffrey Mining Products filed this action in the Cuyohaga County Court of Common Pleas seeking a declaratory judgment regarding the rights of all parties in a sales contract in which the Plaintiff's predecessor, Indresco Inc., sold Left Fork four 102 HHP Continuous Miner/94L Bridge Conveyor/506C5 Bridge Carrier Systems, mining equipment to be used in coal mining operations in Kentucky. Plaintiff also sought monetary damages of $10,426.53 from Left Fork for unpaid accounts covering certain parts and services.

Plaintiff Jeffrey Mining Products is an Ohio limited partnership with its principal

place of business in Chagrin Falls, Ohio, and its primary manufacturing operations in Columbus, Ohio. Left Fork is a Kentucky corporation. Global Industrial Technologies is a Delaware corporation with its principal place of business in Texas. Harbison–Walker Refractories Company is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Harbison–Walker is a wholly-owned subsidary of Global.

The sales contract was dated August of 1994.

## II

Venue for lawsuits removed from state court to federal court is governed by 28 U.S.C. § 1441(a)[1] and not the general venue provisions of § 1391. *Bacik v. Peek,* 888 F.Supp. 1405, 1413 (N.D.Ohio 1993). Section 1441(a) has been construed to require in cases of multiple defendants that if not all of the named and served defendants have agreed to the removal of a lawsuit from state to federal court within the time alloted by statute, then removal is considered defective and remand to the state court is in order. *Gableman v. Peoria, Decatur & Evansville Railway Co.,* 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Price v. Messer,* 872 F.Supp. 317, 321 (S.D.W.Va.1995); *Folts v. City of Richmond,* 480 F.Supp. 621, 624 (E.D.Va.1979).

■ The key phrase in § 1441(a) says removal is to a federal district court "for the district and division embracing the place where such action is pending." A defendant who removes an action from state to federal court cannot then turn around and request a venue transfer pursuant to § 1406(a), the applicable statute where venue in the transferring court is improper, because that party implicitly sanctioned venue in the federal district where he sought to move the state lawsuit. *Id.*

■ Determining whether to transfer venue under § 1404(a), requires a district court to consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1136–37 (6th Cir.), *cert. denied,* 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991) (citations omitted). The private interests courts consider also include the plaintiff's choice of forum and the location of records as well as the convenience of witnesses, but the plaintiff's choice of forum is entitled to "great weight." *Bacik,* 888 F.Supp. at 1414. For a proper transfer in the Sixth Circuit, the balance of all relevant factors must weigh "strongly in favor of transfer." *Id.* (citations omitted).

## III

In the instant case, Defendant Left Fork Mining filed a Notice of Removal within a month of Plaintiff filing the complaint and amended complaint. Global Industrial and Harbison–Walker never gave their approval to this removal petition, actively oppose Left Fork's motion to transfer venue to the United States District Court for the Eastern District of Kentucky, and have filed their own joint motion to remand the case to state court.

The undisputed facts in the record disclose that the motion to remand by Defendants Global Industrial Technologies and Harbison–Walker Refractories should be granted because not all defendants support the removal petition. In the alternative, this Court notes that the amount in controversy in Plaintiff's complaint totals less than $11,000, far below "the sum or value of $75,000, exclusive of interest and costs," which is the monetary threshold required for the exercise of diversity jurisdiction in the federal courts under 28 U.S.C. § 1332.

■ Defendant Left Fork also requested that this Court realign the parties if neces-

---

1. Section 1441(a) reads:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be re-

    moved by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending* . . . .

sary to prevent a remand to state court. The Court declines to take that step as a review of the submitted affidavits, briefs, and motions does show that Left Fork, Jeffrey Mining, and Global and its wholly-owned subsidiary do have adverse and conflicting interests. *See National Indemnity Co. v. Hanna,* 778 F.Supp. 13, 14 (N.D.Ohio 1991) ("real interests of parties show no realignment is possible" in declaratory judgment action brought in state court and remanded after improper removal to federal court); *Folts,* 480 F.Supp. at 624 (realignment of parties denied).

This decision to remand is bolstered by the lack of merit in Defendant Left Fork Mining's motion to dismiss the case or change venue to another federal court in Kentucky. According to this Court's decision in *Bacik,* Left Fork cannot move for transfer under § 1441(a) because it waived any objection of improper venue when it attempted to remove this action from state court to the Northern District of Ohio as the federal court "embracing the place where such action is pending." *See Bacik,* 888 F.Supp. at 1413.

If a remand to state court were not in order, the Court notes that Defendant Left Fork also faced a heavy burden to persuade this court to transfer venue to the United States District Court for the Eastern District of Kentucky under § 1404(a), especially in view of the fact courts in the Sixth Circuit place great weight on the Plaintiff's choice of forum. The Court notes that Plaintiff Jeffrey Mining Products actively opposes transferring this action to the federal court in Kentucky. The Court also notes that this action was filed before the Defendant Left Fork filed a lawsuit in the Eastern District of Kentucky about a week after filing this motion to change venue.[2] Other factors, such as the convenience of parties and witnesses, disclose that Defendant Left Fork Mining faces some difficulty in making a showing that the balance of all relevant factors would "weigh strongly" in favor of a permissive transfer.

**2.** *Left Fork Mining Co. v. Global Industrial Technologies, Inc., et al.,* No. 97–389 (E.D. Ky.; complaint filed August 5, 1997. In this second case, Left Fork raises claims of breach of warranty, breach of implied covenant of good faith and fair dealing, fraudulent misrepresentation, omission

### IV

For the reasons discussed above, the Court denies Defendant Left Fork's motion to dismiss or change venue and grants the motion of the two other Defendants to remand this action to state court.

IT IS SO ORDERED.

of material fact and failure to disclose, negligence and strict liability. Damages sought exceed $14.5 million. All the parties in the Ohio suit are present in the Kentucky action as well as an additional Ohio defendant.